## ELEAZER WYER & al. vs. LEMUEL ANDREWS.

Where an officer returned an execution in no part satisfied, and an action is brought upon the judgment on which the execution issued; the officer will not be permitted by his testimony to defeat such action, by shewing his return to be false.

If an officer, after the return day of an execution in his hands, without authority from the creditor receive the amount of such execution from the debtor, it is no satisfaction of the judgment.

The testimony of officers and counsellors, to shew that an officer is generally considered, as having authority to receive the amount and discharge an execution remaining in his hands, after the return day, is inadmissible.

THIS was an action of *debt* on a judgment recovered before the Court of Common Pleas for the county of *Lincoln*, at the *April Term*, 1828, for $66,33, debt, and 9,93, costs.    The defendant pleaded payment of the judgment to the plaintiffs, and in a brief statement alleged, that he paid the amount of the judgment to one *Mason*, then a deputy-sheriff, and as such holding an execution issued on said judgment for the amount thereof. The issue was joined.    The judgment was proved, and an execution appeared to have been issued thereupon, dated *Sept.* 29, 1828, returnable to the then next term of the C. C. Pleas, to be holden on the 4th *Tuesday* of *Dec.* then next.    On the back of this execution was a return in these words :

" *Lincoln, ss.  Jan.* 1, 1829.   I return this execution in no part satisfied.                       *Jonas Mason,* Dept. Sheriff."

It appeared from a certificate of the clerk of the Courts, that the execution had not been returned into the clerk's office, *May* 6, 1835.    The defendant objected that this return could not be used in evidence, because it was dated after the return day of the execution.   He also offered the deposition of said *Mason* to

shew, that said return was in fact made in *July*, 1834. *Emery J.* before whom the action was tried, overruled the objection, and rejected the deposition. The defendant then offered to introduce the deposition of said *Mason* to prove, that the amount of the execution was in fact paid to him after the return day of the execution, and that the execution remained in his hands until the attorney of the plaintiffs called on him for it in *July*, 1834; that he told the attorney, that as between *Andrews* and him, it was considered paid; that the attorney informed him, that this was a business between the debtor and him, and that he had no right to return satisfaction of the execution after the return day was passed; and that although the return he made was dated back to *Jan.* 1, 1829, it was in fact made in *July*, 1834. The Judge refused to admit the deposition. The defendant then offered evidence to prove, that at a time subsequent to the return day of the execution, and before the return was actually made, that said *Mason* received the amount of the judgment, and that he was then agent of the plaintiffs, and had authority to act in the premises and receive payment for the plaintiffs; but not however by shewing any direct authority from the plaintiffs, or their attorney, but by calling sheriffs, deputy-sheriffs and counsellors to prove, that officers having executions in their hands after the return day, are considered as having such authority. The Judge excluded the testimony offered for that purpose; and ruled, that the officer's return was conclusive.

Thereupon the defendant was defaulted; and if the ruling of the Judge was incorrect, the default was to be taken off, and the action was to stand for trial.

*M. H. Smith*, for the defendant, contended, that the officer had no right to make a return after the return day of the execution. This return therefore is wholly void. If the officer had enough authority to make a return on it, he certainly had enough to receive payment of it. It is competent to shew, when the return was actually made, or that the return was made in ignorance of the law, or through inadvertency. *Commonwealth* v. *Bullard*, 9 *Mass. R.* 270.

The return, made when this was, is no evidence that the judgment was unsatisfied. If the judgment is actually paid, it is satisfied; and if unpaid, it is not; and whatever return is made on the execution is of no importance. When an officer has once sold property on an execution, there too is a satisfaction of the judgment, and no return made by the officer afterwards can give force to a satisfied judgment. *Ladd* v. *Blunt,* 4 *Mass. R.* 402. And if satisfied, no action can be supported on it. But the evidence offered was admissible. It contradicts no return. It shews when the words, called a return, were actually written. Being written on a paper, once an execution, but under which the officer had no power to act at the time, it was no return. If the suit had been against the officer, then he might not be permitted to say, that it was untrue, but between third persons, the evidence was admissible.

The officer kept the execution six years, and the plaintiffs must be considered as assenting to and ratifying his acts. The officer is competent to testify to any facts in relation to the execution, taking place after the return day. It has been decided in *New York,* that after the return day of an execution, an officer cannot enforce it, and therefore cannot make a legal return on it. *Reed* v. *Pruyn,* 7 *Johns. R.* 426.

*Reed* and *Knowles,* for the plaintiff.

The first question is, whether the officer shall be permitted to contradict his own return, where third persons are interested, as in this case. It was decided, that he could not, so early, as in *Gardner* v. *Hosmer,* 6 *Mass. R.* 325. The plaintiff in a suit against the officer may shew the return to be false, but the officer cannot do it. *Simmons* v. *Bradford,* 15 *Mass. R.* 82; *Winchell* v. *Stiles,* 15 *Mass. R.* 230; *Estabrook* v. *Hapgood,* 10 *Mass. R.* 313.

To permit his deposition to be used to contradict his return, would be much worse, than to permit him to alter it. When he testifies as a witness, he is not subject to the same liabilities, as when he makes a return.

As to its being no return, because made after the return day, it was made on the execution during the sitting of the Court to which it was returnable; and a return, that an execution is unsat-

isfied must necessarily be made after the officer had no power to collect the execution. But if the officer had no power to make this return, because the return day was passed, then he had, for the same reason, no power to discharge the execution or to receive the money for the creditor, and the judgment remains unsatisfied and in force.

The officer never was the agent of the plaintiff at any time. He acted only under the authority of the law ; and proof of what deputy-sheriffs and lawyers supposed the law to be would be little better, than suffering them to make a law for each case. The case, *Green* v. *Lowell,* 3 *Greenl.* 373, is conclusive on this point.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — An execution issued upon the judgment declared on, returnable on the 4th Tuesday of *December,* 1828, was placed in the hands of *Jonas Mason,* a deputy-sheriff of the county of *Lincoln,* for service and return. The execution bore date *Sept.* 29, 1828. On the back of that execution is written, *Lincoln ss. January* 1, 1829. I return this execution in no part satisfied.

*Jonas Mason,* Deputy-Sheriff.

At the opening of the case the deposition of this *Mr. Mason* was proffered to shew that this return was in fact made in *July,* 1834 ; and that the whole amount of said execution and his fees were paid to him by said *Andrews,* while it remained in said *Mason's* hands, but some time after said execution was returnable.

The deposition also details a conversation with *John Ruggles, Esq.* and the statement made by said *Ruggles,* in *July,* 1834.

This deposition was rejected by the Judge. And the question is, whether it ought to have been admitted. No time need be spent in deciding, that the statement alleged to have been made by *Mr. Ruggles* is inadmissible, as it is only hearsay, and he is alive.

It remains to inquire whether the residue should have been received.

The sheriff is obliged by the duty of his office to execute every process directed to him by lawful authority, with the ut-

most expedition, or as soon after he receives it, as the nature of the thing will admit of. And there cannot be a surer rule for him to go by, than a strict observance of what is enjoined upon him by the writ. He is not to shew favor, nor be guilty of unreasonable delay, nor be guilty of oppression, nor make use of greater force or violence than the thing requires.

He cannot arrest before the writ issues. Nor can he execute it after the return, not even the very next day after. *Sid.* 229, *Ellis* v. *Jackson;* unless the levy be commenced before the precept is returnable.

A return ought to shew obedience to the writ, or a good excuse for omission. 6 *Com. Dig. Retorn, D.* 1. As he may say, *quod breve adeo tarde venit, quod exequi non potuit.*

No averment lies against any returns of writs, that are definitive to the trial of the thing returned, as the return of a sheriff upon his writs, &c. But it may be, where such are not definitive. *Dyer,* 348; 8 *Rep.* 121; 2 *Cro.* 13.

If the return be false in substance though true in words an action lies against the sheriff. *Douglass,* 159.

And a sheriff cannot make a return contrary to his former return on record. 6 *Com. Dig. Retorn, E.* 4.

And generally he is not to be let into parol proof to alter the state of facts as returned. Amendments in proper time and manner he may make, and he may shew that a mistake was committed, as to ownership of property, and in some other cases.

In *Purington* v. *Loring,* 7 *Mass.* 388, the action was trespass against a deputy-sheriff. He sold the goods after advertising them 24 hours, and as the report is, he proposed to prove by parol, that he did in fact advertise four days, probably a mistake, instead of 48 hours.

The Court say, the officer's return must be in writing, and when made upon his precept, and regularly returned, it must be presumed to be true, until the falsity of it be proved. If parol evidence was admissible, there would be great danger of fraud and perjury. If the officer has acted legally, he is liable to no inconvenience in returning truly his proceedings. And if he has not, he ought not to be protected by a false return, whether in writing or by parol.

In 3 *Mass. R.* 349, *Wakefield* v. *Lithgow*, it is said by the Court, that the money, which the sheriff received after the return day, he had no legal authority to receive by virtue of the execution. True he might detain it against the debtor to indemnify himself against his exposure to damages from the plaintiff's claim. But unless the plaintiff accepts the money, and so ratifies the acts of the deputy, the matter is to be arranged between the debtor and the officer. But the officer upon principles of law is not to be heard to contradict or invalidate his own return, made under oath, by his own testimony. The deposition therefore was rightly rejected.

Nor can we give countenance to the offer to prove that said *Mason* was agent of the plaintiffs and had authority to act in the premises and receive for the plaintiff payment of said judgment, not however by shewing any direct authority from the plaintiffs constituting *Mason* their agent, but by calling sheriffs, deputy-sheriffs, and counsellors to prove officers situated, as *Mason* was, are considered, as having such authority.

Such estimation of the authority of officers is calculated to encourage laches in their duty. And to let in that description of proof of authority from the plaintiffs without their own concurrence or acts, would be subversive of the wholesome rules of law. The default of the defendant entered in this action must stand.