## SECOR & BROOKS, ET AL. v. WOODWARD.

1. A Court of Equity has no jurisdiction to injoin a judgment at law, merely because the process from that Court has not been served on the defendant. It is necessary further to show, that the party, by the irregularity, has been precluded from urging a valid defence.

Writ of Error to the Court of Chancery for the 1st District.

THE case made by this bill is as follows :

Woodward, the complainant, asserts that Secor & Brooks, for the use of Huntington and Lyon, had recovered a judgment against him in the Circuit Court of Mobile county. That the writ in that suit was sued out against him and one Taylor, as partners, and the cause of action is stated thereon as an open account. The writ, as to the complainant, was returned, not found, but was not executed upon Taylor. At the time of suing out this writ, no copartnership existed between Woodward and Taylor, and one which had previously existed, had been dissolved, and notice of the dissolution published, which was known to the

Secor & Brooks, et al. v. Woodward.

defendants, or some one of them. The first notice which the complainant had of the judgment, was a demand by the sheriff, upon an execution issued on it.

The bill prays an injunction, and makes the parties previously named, defendants ; as also, Harris, the assignee in bankruptcy of Secor & Brooks.

No answer was put in by any of the defendants, but they appeared by counsel, and moved to dismiss the bill for want of equity. After a *pro confesso* decree, they again, at the hearing, urged the same matter, but a decree was rendered perpetually injoining the plaintiffs at law from proceeding on their judgment.

This is assigned as error.

STEWART, for the plaintiffs in error.
CAMPBELL, for the defendant.

GOLDTHWAITE, J.—There is no allegation of any equity in this bill which will authorise a Court to sustain it. There is no pretence that the judgment is unjust, or that a defence could have been made, or that one ever existed at law.

It is in effect, an attempt to question the correctness of the proceedings in the Court of law, for the reason, that the process in that Court was not served on the complainant. Now, we apprehend that all Courts are capable of protecting their own suitors against the consequences of irregularities committed either by their own officers or by the adverse party. And matters of this nature furnish no ground of equitable interposition, unless it can also be shown that the party has a just defence to the action, which he has been precluded from urging in the Court of law, in consequence of the supposed irregularity. [Bateman v. Willoe, 1 Sch. & L. 205.]

The decree must be reversed, and the bill dismissed.