# Robinson *v.* Reid's Executor.

*Bill in Equity for Injunction of Judgment at Law.*

1. *When equity will enjoin judgment at law.*— A court of equity will perpetually enjoin the collection of a judgment at law, where it appears that the defendant was not served with process, and that he had a valid defence to the action ; although the judgment might also be reversed on error, on account of the failure of the record to show the service of process.

2. *When chancellor's decree will be reversed and cause remanded for additional evidence.* — Where a bill, seeking relief against a judgment at law on the grounds of payment and non-service of process, is dismissed by the chancellor, on final hearing on pleadings and proof; and the evidence on the question of payment, though inconclusive, induces the belief that, if the debt was not fully paid, greater payments had been made on it than had been allowed, the decree will be reversed, and the cause remanded, in order that the parties may introduce additional evidence.

[Robinson *v.* Reid's Executor.]

APPEAL from the Chancery Court of Macon.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed by John L. Robinson, the appellant, against Mrs. Julia A. Reid, as the executrix of John H. C. Reid, deceased; and sought to enjoin a judgment, which the defendant, in her representative capacity, had recovered against the complainant. The judgment was rendered by *nil dicit*, on the 15th September, 1866; and the bill was filed on the 4th February, 1867. The chancellor dismissed the bill on final hearing on pleadings and proof; and his decree is now assigned as error.

GUNN & COBB, for appellant.

N. S. GRAHAM, *contra.*

B. F. SAFFOLD, J.— The purpose of the bill was to enjoin execution on a judgment at law, recovered by the appellee against the appellant. The alleged grounds of relief are, that the note which was the foundation of the suit had been paid, and that the complainant, a joint obligor, had not been served with process. The record of the suit at law is not set out. The judgment was rendered in September, 1866, against the complainant alone, by *nil dicit*. The original papers of the cause had been destroyed, and those substituted are alleged not to contain any evidence of service of process on the said complainant. His co-obligor was served, and employed counsel to defend. But he died in 1864, and the suit was abated as to him. The note was for one hundred and twenty-five dollars, in consideration of the hire of two slaves in 1860.

In proof of the non-execution of the summons, the complainant, as a witness in his own behalf, testified that he had no recollection of ever having been served with notice of the suit; and that the presentation of the execution by the sheriff was the first information given to him. He had withdrawn from the contract with his co-obligor, Lucius Williams, which induced the hiring of the slaves, and Williams had agreed with him to assume that obligation. This latter agreement may have caused him to forget the service of process, but it in equal measure conduced to the belief that he did not defend the suit. His inability to recollect whether notice was given or not, is not sufficient to prove a want of notice, but his testimony altogether on this point may be regarded as a positive denial of the service. It is such as would be much aided by clear proof of a valid defence.

If the record of the suit at law should prove the allegation of the bill, that no evidence of service of process on the complainant

[Robinson *v.* Darden.]

is given therein, it would materially aid his evidence without prejudicing his cause. He was not obliged to take an appeal, instead of resorting to equity. He states in his bill a case for equitable interference, independent of a mere reversible error. *Givens* v. *Tidmore*, 8 Ala. 745.

The non-execution of the process is not alone a sufficient reason for enjoining the judgment. A valid defence must also be shown. *Secor* v. *Woodward*, 8 Ala. 500. The evidence in respect to the payment is conflicting, and lacks positiveness. There is a credit on the note of $6$\frac{55}{100}$. The only witness to disprove the payment, a son of the payee, says that ten or fifteen bushels of corn were received from Williams, and besides that he knows of no other payment. Two young sons of Williams, scarcely old enough at the date of the transactions to have been well informed about them, say that their father paid corn to the creditor, Reid, once in each of the years 1860 and 1861. One of them said he had paid as much as one hundred and fifty bushels. Mrs. Williams testified, that Williams hired the same slaves of Reid two years, and that he paid for them, but neglected to take up the note. Her testimony, as well as that of the sons of Williams, is sadly mixed up with what they heard from him. But the impression made upon us is, that much more of the note was paid than is credited upon it, if it was not satisfied. Perhaps, on another hearing, the evidence may be more satisfactory.

The decree is reversed, and the cause remanded.