# Waddill, Executor *v.* Weaver, Administrator.

*Rehearing under Section 2814 of Revised Code.*

1. *Rehearing; when not granted.*—A rehearing in a court of law should be refused, when its purpose is to let in a mere formal or technical defence not affecting the merits; and relief should be granted only when its refusal would work substantial injustice, subjecting the petitioner to a liability which in equity and good conscience he ought not to bear.

2. *Same; what petition for must state.*—Where ignorance of facts constituting the defence is relied on as an excuse for not making it before judgment, it must be shown by clear and explicit allegations that such ignorance was not due to any want of proper effort or care to ascertain the facts. General allegations of diligence will not suffice. The efforts made to ascertain the existence of the defence, and all the facts in relation thereto, must be clearly and explicitly averred to enable the opposite party to take issue, and the court to judge whether they constitute a sufficient excuse.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

This was a petition for a rehearing under § 2814 of the Revised Code, filed by J. Cooper Waddill, as executor of William Waddill, on the 7th day of February, 1872, praying a *supersedeas* of a judgment rendered against him on the 9th day of December, 1871.

It appears from the petition, amended petition, and exhibits that the administrators of P. J. Weaver, commenced suit on the 31st of October, 1867, against William Waddill, in the city court of Selma, on a promissory note made by him and others, payable on the 14th day of February, 1860, to Gardner and Wikoff, as executors of R. T. Gardner, deceased, or bearer. At the spring term, 1869, W. M. Weaver, administrator *de bonis non*, was made party plaintiff instead of the administrators in chief who had resigned, and the death of Wm. Waddill having been suggested at that term, *scire facias* issued to appellant and at the next term the cause was revived against him as executor, &c. On the 7th of December, 1871, judgment by default was rendered against appellant. It does not appear that appellant's testator ever attempted any defence to the suit.

Appellant alleges that "as soon as he learned that the suit was pending, he employed an attorney at law to make whatever defence was necessary to protect the estate, and thereupon he and said attorney used all the diligence they could to make proper defense to said cause, but the makers of the

[Waddill *v.* Weaver.]

note sued on being all dead, as well as said P. J. Weaver, who had possession of the note, they were unable to learn the facts hereinafter stated, which constitute a good and meritorious defense to the action, but being unable to learn the facts, and supposing and believing that the note was the property of the estate of said Weaver, said attorney did not file any plea or enter any appearance; that the note never was the property of the estate of said Weaver, but that it had always belonged to Ann P. Weaver, and that the attorneys who brought suit on it in favor of the administrators of P. J. Weaver did so by mistake, under the belief that it belonged to the estate of said P. J. Weaver; that appellant did not learn of said fact until the 20th of January, 1872, after said judgment by default, when the attorney learned of it by mere accident." The petition also alleges that petitioner was prevented from making such defence by mistake, without fault on his part, and that but for such mistake he would have filed a proper plea and presented his defence.

On the hearing the petition was demurred to, because it showed no meritorious defence; because it fails to show that the failure to make the defence was without fault on the part of the petitioner. The court sustained the demurrer, dissolved the *supersedeas*, and taxed the petitioner with costs; and hence this appeal.

MORGAN, LAPSLEY & NELSON and J. N. HANEY, for appellant.

PETTUS & DAWSON, *contra.*

BRICKELL, C. J.—The purpose of the statute (R. C. § 2814) authorizing the grant of rehearings in courts of law, after the close of the term, at which judgment was rendered, when a defendant has been prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part, was to furnish at law a less expensive and more summary remedy than that afforded by resort to a court of equity for relief. The case for which the statute provides is the case in which a court of equity intervenes. After judgment at law, a defendant having a meritorious defence available at law, which without want of diligence on his part by the fraud of his adversary, or by surprise, mistake or accident, he failed to interpose successfully, was and is entitled to relief in a court of equity. The fraud, surprise, accident or mistake, and the matter of defence, must be distinctly alleged, and clearly proved, and due diligence must have been

[Waddill *v.* Weaver.]

exercised to discover and render it available before judgment, or a court of equity never arrests a judgment at law. *French* v. *Garner,* Port. 549; *Lee & Norton* v. *Ins. Bank Columbus,* 2 Ala. 21; *Stinnett* v. *Br. Bank Mobile,* 9 Ala. 120; *Taliaferro* v. *Br. Bank Montgomery,* 23 Ala. 755. In the numerous decisions which have been pronounced on this statute, this court has kept steadily in view the principles on which a court of equity proceeds in granting the relief the statute authorizes the court of law to grant. 2 Brick. Dig. 278, §§ 334–65.

If the petition disclosed a meritorious defence to the suit, in which judgment was rendered, it is wanting in every essential allegation of the diligence, which is exacted from a party who is to be declared without fault in not having made his defence available before judgment. The suit was instituted in the life of the testator of petitioner, on a promisory note. The testator made no defence to the suit, and so far as is disclosed by the petition, never contemplated making any. After his death, a *scire facias* to revive the suit, issued to and was served on the petitioners, who then, in the language of the petition, "employed an attorney at law to make whatever defence was necessary to protect said estate of William Waddill, deceased, and that thereupon said attorney and this defendant used all the diligence they could to make proper defence to said cause; but the makers of the note sued upon, all being dead, as well as said P. J. Weaver," (the intestate of appellee,) "who had possession of said note, they were unable to learn the facts hereinafter stated, which is a good and meritorious defence to said suit." The meritorious defence, is that one Ann P. Weaver, and not the intestate of the appellee, was the real and beneficial owner of the note on which the suit is founded. The most favorable construction of the allegation of the petition which can be made for the petitioner, is that he was ignorant until after the judgment of the defence, he now interposes. There are cases in which a court has interposed to arrest a final judgment at law, because of a valid defence, of which the defendant was ignorant when the judgment was rendered. But in such cases it must be made to appear by direct and positive allegation of facts, not only that the ground of defence was unknown at the trial, but that the requisite knowledge could not have been obtained by the use of due diligence. *McGrew* v. *Tombeckbee Bank,* 5 Port. 547; 2 Lead Cases in Eq. 197. This does not appear from the petition filed by the appellant. True, it is alleged that he and the appellee labored under the common mistake that the note sued on

[Waddill *v.* Weaver.]

was the property of appellee's intestate, and that he and his attorney used all the diligence they could to make proper defence. Such a general allegation of diligence cannot be received as disclosing a ground for the relief the statute affords, or as negativing a want of fault in not introducing the defence before judgment. It is not traversable, and is but the assertion of a conclusion of law and fact, founded as the pleader supposes, on facts resting within his knowledge, but which he does not disclose to the court, that it may be seen the conclusion is well founded. His adversary is not informed of the particular facts constituting the diligence, that he may controvert them if necessary. On such an allegation no relief should be granted in any case, and certainly a solemn judgment and the litigation it quiets, should not be opened. The party should have shown what diligence he exercised—what were the efforts he made to ascertain if there was a defence to the suit. He was put on inquiry as to the plaintiff's ownership of the note by the very character of the suit. The plaintiff's intestate was not the payee of the note, nor had it been indorsed or assigned to him. His only claim of title was by transfer by delivery. Yet, so far as is shown, no inquiry as to his title was made. In a short time after judgment, and after the suit had been pending for more than four years, it is discovered that a stranger to the suit is the real owner of the note. How the discovery was made, and what prevented it from being sooner made, we are not informed. Nor can we say if the diligence the judgment quickened had been previously employed, the discovery could not have been made in time for effectual defence. There was, so far as the petition shows, no impediment to the discovery of the fact at any time when proper efforts were made. It would wrest the statute from the beneficent purposes it was intended to accomplish, and pervert it into a cover for negligence, and an instrument of fraud, if on such allegations a court proceeding under it, should open a judgment rendered after full opportunity for defence.

2. Nor should the petition have been entertained to let in a defence of the character averred. A rehearing under the statute should not be granted unless it appears that if the judgment is not opened, substantial injustice will be done—that the party applying for relief will be subjected to a liability he ought not in equity and good conscience to bear. It ought not to be granted to let in mere technical or formal defences, not affecting the real merits of the case. It is not pretended the debt, on which the judgment is founded, is not just—that it was not contracted in good faith, on a val-

[Daughdrill v. Helms.]

uable consideration, and is wholly unpaid. Nor is it pretended that before the judgment was rendered, the appellant or his testator had any notice or reason to believe it was not the property of the intestate of the appellee, nor that since any person has preferred any adverse claim to it. The whole ground of defence is, that the appellee had not the real, beneficial ownership of it, but that such ownership resides in another, who does not interpose any objection to the appellee's collection of the judgment. If, on this application, the judgment should be opened and a recovery defeated, an action by the real owner would be barred by the statutes of non-claim, and of limitations. Thus, the appellant would be absolved from liability for an honest debt. The statute cannot be prostituted to such injustice. If the ownership of the debt does not reside in the appellee, the real owner can recover the money of him when he collects it, or if necessary, may arrest his collection of it and compel its payment directly to himself. The appellant is in no danger of being compelled to pay the debt more than once. Not having notice before judgment that the appellee was not the owner of the note, the judgment will protect him against any liability to another.

The judgment is affirmed.