| 60  657
160s 282

## John E. Fitzpatrick, Receiver of the Switchmen's Mutual Aid Association, v. George Rutter.

1. PRACTICE—*Effect of Sustaining a Demurrer to a Plea of a Release of Errors.*—The consequence of holding a plea to a release of errors assigned, bad upon demurrer, the errors appearing by the record, is that the errors assigned are sustained and the judgment is reversed.

2. PLEADING—*Insufficient Averments.*—A plea of a release of errors which avers that the plaintiff in error did certain acts through its attorneys and waived the right, etc., but which does not state in fact that

they were the attorneys of the plaintiff or had been retained or author-
ized to act for him, or had appeared in the case, from which such author-
ity could be inferred, is bad on demurrer.

**Creditor's Bill.**—Error to the Circuit Court of Cook County; the Hon.
ABNER SMITH, Judge, presiding. Heard in this court at the October
term, 1895. Reversed. Opinion filed December 2, 1895.

JAMES C. McSHANE, attorney for plaintiff in error.

WILLIAM E. HUGHES, attorney for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE
COURT.

September 21, 1895, the record was filed here with errors
assigned as follows :

First. The Circuit Court erred in entering the default
of the defendant, because the declaration had not been filed
ten days before the first day of the second term, without
any rule on the defendant to plead or any waiver by defend-
ant of his right to have the suit dismissed.

Second. The Circuit Court erred in rendering the judg-
ment against the defendant, because the declaration had not
been filed ten days before the first day of the second term,
without a rule on the defendant to plead or any waiver by
defendant of his right to have the suit dismissed.

Third. The judgment of the Circuit Court is contrary
to law.

To this assignment of errors the defendant pleaded :

First. " That prior to the suing out of this writ of error,
and prior to the rendition and recovery of the judgment of
the Circuit Court of Cook County, Illinois, March 13, 1894,
above complained of, and on which errors are assigned, to-
wit, on the 15th day of January, 1894, the said plaintiff
in error, the Switchmen's Mutual Aid Association of North
America, had been served with summons to appear in the
Circuit Court on December 5, 1893, and on January 15,
1894, the said Switchmen's Mutual Association of North
America by and through its attorneys, Barnum & Bar-

num, received a copy of the declaration filed in the said Circuit Court, and expressly waived the right of said Switchmen's Mutual Aid Association of North America as defendant in that cause, to dismiss the case, because said declaration was not filed ten days prior to the January term, 1894, of the said Circuit Court. And thereby the said plaintiff in error in this cause, as defendant in the Circuit Court, did release and waive the errors assigned as matter *in pais.*"

Second. " He commenced a suit in assumpsit against the plaintiff in error on November 20, 1893, in the Circuit Court of Cook County, Illinois, that he did not file a declaration prior to the commencement of the next and following term of said Circuit Court, begun and held on the third Monday of December, 1893.

That he did not file a declaration in said cause within ten days prior to the first day of the January term, 1894, of said court, but on the 15th day of January, 1894, being the first day of the January term of said Circuit Court, in the year 1894, he, the defendant in error, as plaintiff in the court below, at the special instance and request of the defendant in that suit, the plaintiff in error here, agreed to furnish, and did furnish, to the defendant, a copy of his declaration to be exhibited and filed in said Circuit Court, and thereupon the said Switchmen's Mutual Aid Association of North America as defendant in the court below, in consideration of the premises, by and through its attorneys, made, executed and delivered the following stipulation which was filed in the court below : Defendants, meaning the Switchmen's Mutual Aid Association of North America, have received a copy of this declaration, January 15, 1894, and waive the right to dismiss the case because the declaration was not filed January, * * * 1894, whereby the plaintiff in error in this court did as a matter *in pais* waive the irregularity and release the error by it assigned as a ground for action and reversal in this court in this proceeding."

Third. " That after the recovery of the judgment con-

tained in the record filed in this court, upon which errors are assigned by the plaintiff in error here, to wit, on the 18th day of June, 1894, this defendant filed a creditor's bill in the Superior Court of Cook County, Illinois, alleging among other things, the recovery by him in the Circuit Court, of the judgment above mentioned in the record of this court, the issuing and return of execution thereon *nulla bona*, and praying for relief and aid in a court of equity for the collection of said judgment, for an injunction, and for general relief."

"That an injunction was awarded against said defendant in that cause, the Switchmen's Mutual Aid Association of North America; and afterward, to wit, on the 23d day of July, 1894, in order to obtain a dissolution of said injunction, the plaintiff in error, the Switchmen's Mutual Aid Association of North America, by its officers and managers, tendered to the clerk of the Superior Court of Cook County, Illinois, and paid into said court the sum of one thousand and one hundred and fifty dollars, to be held by the clerk of said court during said litigation, and to abide the event of said suit, and be distributed as that court should decide upon final hearing."

"And that thereupon, and by reason of the payment of said money, the said Superior Court dissolved said injunction, and denied the application of this defendant in error, George Rutter, for a receiver in this cause."

"And that afterward, to wit, on the 8th day of January, 1895, such proceedings were had in the Superior Court of Cook County, Illinois, in said last mentioned suit, that said Superior Court decided the event thereof, and decreed that so much of said sum of $1,150 as remained after the payment of the costs taxed in said suit, should be paid to complainant therein, the defendant in error here, and to discharge, *pro tanto*, the judgment recovered by the defendant in error in this cause, against the plaintiff in error, in the Circuit Court of Cook County, Illinois, March 13, 1894, which was paid over to this defendant in error by the clerk of said Superior Court on account of said judgment."

"And the defendant in error in this court avers that the said plaintiff in error, by its receiver and its agents, and by and through its officers and managers, did, in said chancery suit in the Superior Court, plead the said errors against the said judgment of the Circuit Court of Cook County, Illinois, and urged the same objections and irregularities which are assigned for error in this court, which said assignment of errors was duly submitted to the said Superior Court and by it decided in a cause wherein said court had full jurisdiction of the parties and of the subject-matter, on the 9th day of January, 1895."

"And thereupon the said Superior Court of Cook County, Illinois, rendered a decree in favor of this defendant in error as complainant against the said Switchmen's Mutual Aid Association of North America and others, and decided that said judgment above complained of was in full force and effect, and thereby the matters and things now assigned for error in this court, upon the record in this cause, have become *res adjudicata*, and a former recovery has been had in said proceedings above mentioned in the Superior Court upon the matters now assigned for error in this court, as by the record of said Superior Court now remaining therein will more fully and at large appear."

The plaintiff demurred to the pleas. Whether several pleas are admitted to assignments of error, we will not consider. One wishing to study the subject may find clews in 2 Ency. Pl. & Pr. 968.

The first plea, alleging that the plaintiff in error, by and through its attorneys, received a copy of the declaration and waived the right to dismiss the case, does not aver that in fact they were attorneys of the plaintiff in error, or had been retained or authorized to act for it, or had appeared in the case from which authority could be inferred, nor does it aver how the waiver was made. That plea is bad.

The second plea is bad for all the reasons except the last one stated as to the first plea, and as to that reason the plea does not show such stipulation related to the case, nor that anybody ever signed it.

The third plea proceeds upon the theory that an unsuccessful attempt to defend against a judgment creditor's bill, upon the ground that the judgment was erroneous—not unjust or inequitable, which would be a good defense (Wadhams v. Gary, 73 Ill. 415)—is a bar to a writ of error.

How can a decree in chancery be a bar upon a subject-matter of which chancery has no jurisdiction? A court of chancery does not sit in review of the proceedings of the law court. Secord v. Woodward, 8 Ala. 500; Colson v. Leitch, 110 Ill. 504.

We hold that plea bad. The consequence of holding all the pleas bad—the errors assigned appearing by the record (Carlton v. Mortagh, 1 Salk. 268)—is that the errors assigned are sustained, and the judgment is reversed, but as the right of the defendant in error to prosecute the suit below is gone, the case is not remanded.