# Fields, *et al. v.* Henderson.

*Bill to Cancel Judgment.*

(Decided June 17, 1909.   50 South. 56.)

1. *Judgment; Cancellation; Equity; Jurisdiction.*—A court of equity will cancel a judgment at law when it is averred and proven that defendant had no notice of the suit and has a meritorious defense thereto.

2. *Same; Vacation; Proof.*—The evidence in this case stated and examined and held not to show want of notice or meritorious defense sufficient to authorize the court to render a decree vacating or annulling the judgment at law.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by J. W. Henderson against A. E. Fields, and another to set aside and annul a judgment at law. Decree for complainant and respondent appeals. Reversed and rendered.

[Fields, et al. v. Henderson.]

M. L. WARD, for appellant. On the authority of *Dunklin v. Wilson,* 64 Ala. 162, and *Bolling v. Spiller,* 11 South. 300, the decree of the court should be reversed and the bill dismissed.

W. L. CHENAULT, and D. A. McGREGOR, for appellee. No brief came to the Reporter.

ANDERSON, J.—A court of equity will cancel a judgment at law when the complainant avers and proves that he had no notice of the suit and has a meritorious defense to same.—*McDonald v. Cawhorn,* 152 Ala. 357, 44 South. 395; *Dunklin v. Wilson,* 64 Ala. 162; *Rice v. Tobias,* 89 Ala. 214, 7 South. 765. In the case at bar while there may be some little doubt as to whether or not the complainant had notice of the suit, we think the evidence fails to show that he had a meritorious defense to same.

The undisputed evidence shows that complainant bought cattle from the respondent Fields. Both of the Fieldses testify that he gave a note for the purchase price of same, Ward testified that said note was turned over to him for collection, and that he got judgment upon same in justice court, and subsequently sued upon said judgment in the circuit court, where the judgment in question was rendered. The complainant admitted contracting a debt for the cattle, but claims that he gave no note for same and that said debt has been paid. We think the weight of evidence shows that complainant is mistaken in this, and that the note was given and was never paid. The amount of the note, with attorney's fees, interest, and the cost in justice court, can very well correspond with the sum for which the judgment in the circuit court was subsequently rendered.

The judge of the law and equity court erred in granting the relief sought, and the decree is reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.