(114 So. 306)

STEPHENS v. BRUCE.    (7 Div. 700.)

Supreme Court of Alabama.    June 30, 1927.

Rehearing Denied Oct. 27, 1927.

1. Judgment ⊜145(2)—To warrant relief against judgment, party must show not only want of notice of suit, but defense good in law.

To warrant relief against judgment claimed to have been entered against defendant having no notice of suit, such defendant must not only show want of notice, but must show a defense good in law and what that defense consists of.

---

**2. Judgment** ⊜～145(4)—**Showing of meritorious defense held insufficient to warrant relief against judgment against person secondarily liable on note.**

In suit to enjoin enforcement of judgment against person secondarily liable on note, mere insistence of person primarily liable that certain credits had not been entered and allowed *held* insufficient showing of good defense to warrant relief sought.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by R. C. Stephens against J. H. Bruce. From a decree dismissing the bill, complainant appeals. Affirmed.

Appellant filed this bill in November, 1923, against appellee, seeking injunctive relief against the enforcement of a judgment recovered against him by this defendant in De Kalb county circuit court on February 10, 1922, for the sum of $238.23, on the ground he had never been served with notice of the suit and had a meritorious defense thereto. Complainant signed the note, on which judgment was rendered, with his father, J. R. Stephens, who was the principal maker; the note being due in November, 1909, and upon which were several credits. J. R. Stephens was also sued, and notice duly served in April, 1920. Complainant was informed of the suit against his father, but was never served with summons, and states he did not know he was sued. J. R. Stephens employed counsel to defend the suit, and pleas were filed by counsel for defendant, but the evidence shows no employment by complainant or any one for him, and that the plural "defendants" was used inadvertently. The cause was continued on the circuit court docket from time to time, and on February 10, 1922, judgment nil dicit was rendered.

Upon the matter of proof as to meritorious defense, complainant rests largely upon evidence of J. R. Stephens concerning certain credits to which he was entitled, and not credited with, which would reduce the amount due to $6.35, and testimony of W. L. Stephens as to statement made by defendant. Defendant denies any credits, except those entered on the back of the note. The chancellor was of the opinion the averment as to meritorious defense had not been sufficiently established, and entered a decree dismissing the bill, from which decree complainant has prosecuted this appeal.

O. D. Street, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

Where testimony of the party in whose favor the judgment was rendered is confused, and there is doubt as to the amount due on the debt which is attempted to be enforced against a party not served with process, the case will be reserved. Robinson v. Reid, 50 Ala. 69; Rice v. Tobias, 89 Ala. 214, 7 So. 765; Bolling v. Speller, 96 Ala. 269, 11 So. 300; Fields v. Central Nat. Bank, 10 App. D. C. 1; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Davidson v. Combs, 43 S. W. 409, 19 Ky. Law Rep. 1380; Simpson v. Normand, 51 La. Ann. 1355, 26 So. 266; Reeve's Ex'rs v. Townsend, 8 N. J. Eq. 81; Springs v. Wilson, 17 N. C. 385; Wilcox v. Bates, 58 Wis. 128, 15 N. W. 774.

Chas. J. Scott, of Ft. Payne, for appellee.

The burden was upon complainant to show the court rendered judgment against him without having jurisdiction of his person, and that he had a meritorious defense which could have been, but was not, presented. Failure to discharge this burden authorized the decree rendered. Prudential v. Kerr, 202 Ala. 259, 80 So. 97; Fields v. Henderson, 161 Ala. 534, 50 So. 56; McDonald v. Cawhorn, 152 Ala. 357, 44 So. 395; Rice v. Tobias, 89 Ala. 214, 7 So. 765; Dunklin v. Wilson, 64 Ala. 162; Secor v. Woodward, 8 Ala. 500. An appearance made for a party by a regular practicing attorney is presumed to be authorized. 34 C. J. 494; 33 C. J. 1096; Denton v. Noyes, 6 Johns. (N. Y.) 296, 5 Am. Dec. 237.

GARDNER, J. [1] In cases of this character, it is well settled, under the decisions of this court, that to justify relief against the judgment rendered, complainant must not only show a want of notice or knowledge of the suit, but "he must go further, and show, both in averment and proof, that he had and has a defense good in law, and in what that defense consists." Dunklin v. Wilson, 64 Ala. 162; Fields v. Henderson, 161 Ala. 534, 50 So. 56; McDonald v. Cawhorn, 152 Ala. 357, 44 So. 395; Robinson v. Reid, 50 Ala. 69; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97. The first essential, a want of notice to complainant of the suit, we conclude was sufficiently established by the proof.

[2] As to the second essential, a meritorious defense to the suit, complainant's case rests upon the insistence of his father, who, it appears, was the principal on the note sued upon in the law court, that certain credits were not entered and allowed. The evidence for complainant as to these credits would not have justified a cancellation of the judgment, as they do not suffice for the extinguishment of the entire indebtedness, but only a decree granting such credits on the judgment. National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 So. 844. The chancellor rested the decree dismissing the bill upon his conclusion that the defense as to these credits had not been sufficiently established. The evidence upon this question is not voluminous, and has been read and considered by the court in consultation with much care.

Since the passage of the act of 1915 (Acts 1915, p. 594), it has not been the policy of this court to enter into a detailed discussion of the evidence (Caples v. Young, 206 Ala. 282, 89 So. 460), nor would it here serve any useful purpose. Suffice it to say that, upon due consideration, we find ourselves in accord with the conclusion of the court below that the essential element of meritorious defense has not been sufficiently established by the proof; but we are rather persuaded the defendant's insistence is correct to the effect that all proper credits were duly entered on the note, and which were properly recognized and allowed in the suit at law.

It results that the decree rendered will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

GARDNER, J. A careful consideration of the brief of counsel for appellant upon this application for a rehearing is persuasive that the original opinion is not sufficiently clear in respect to the actual holding of the court. Counsel reads the opinion to the effect that the essential element of a meritorious defense could not be established, unless the credits were sufficient to extinguish the entire indebtedness; but such was not the purpose of the writer. Indeed, the citation of National Fert. Co. v. Hinson, 103 Ala. 532, 15 So. 844, was intended as disclosing a right to relief, even though the credits did not suffice to extinguish the entire indebtedness.

Complainant in such event would be entitled to relief by way of such credits entered on the judgment. Such was the purpose of the writer in the following language used in the original opinion:

"The evidence for complainant as to these credits would not have justified a cancellation of the judgment, as they do not suffice for the extinguishment of the entire indebtedness, but only a decree granting such credits on the judgment. Nat. Fert. Co. v. Hinson, 103 Ala. 532, 15 So. 844."

This observation, so far as the actual decision of the case was concerned, may well have been omitted from the opinion, as the final result here rested in fact upon the finding that defendant's version on the question of credits was correct and to be followed.

Upon reconsideration we are not persuaded our original finding was incorrect, and the application for rehearing will be denied.

Application for rehearing overruled.

ANDERSON, C. J., and SAYRE, and THOMAS, JJ., concur.