139 So. 569

## MAY v. GRANGER et al.

### 4 Div. 607.

Supreme Court of Alabama.

Jan. 21, 1932.

L. A. Farmer, of Dothan, for appellant.

J. N. Mullins, of Dothan, for appellees.

THOMAS, J.

The bill was for injunction to prevent the sale under execution of complainants' lands. Demurrers thereto were overruled; hence this appeal.

The grounds of demurrer were to the effect (1) that the bill does not allege that R. T. Granger did not know of the judgment within thirty days after its rendition; (2) that the bill does not allege that he had a meritorious defense to said suit and the note declared upon; (3) that complainants had an adequate remedy at law; (4) and that there was a misjoinder of parties complainant.

Considering these questions in inverse order, there was no misjoinder of parties complainant. They were the respective grantor and grantee in conveyance of the land and the deed containing covenants of warranty of title, against incumbrances, that the grantor had the right to sell and convey the same and would warrant and defend the title to the same to the said D. G. Howard, cocomplainant, his heirs and assigns forever, against the lawful claims and demands of all persons. It was the land sought to be levied upon and sold pursuant to the judgment in question as the land of the grantor and without due notice of the judgment on which the execution issued. Moreover, appellant does not sufficiently argue this ground of demurrer. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The prayer of the bill sought to have the judgment in question, its record in the probate office and in the minutes of the circuit court of Houston county, "be held as

naught and void against him (complainant Granger) and his property," and sought general relief to which "they may be entitled under the allegations of their bill," as to both complainants.

The facts averred make a case for equitable cognizance to remove a cloud from the title of real property. Section 9905, Code, and authorities cited; Fowler v. Alabama Iron· & Steel Co., 154 Ala. 497, 45 So. 635; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Reeder v. Cox, 218 Ala. 182, 118 So.· 338; Acker v. Green, ante, p. 134, 138 So. 820.

▮ It has been held that an instrument void on its face is incapable of creating a cloud on the title. Bell v. McLaughlin, 183 Ala. 548, 62 So. 798. However, if there is no such apparent fatal defect, but recourse is had to extrinsic evidence of fact of its ·being void, a case of equitable relief is presented. ·This is illustrated by the holding that, where a deed was delivered after the death of one of the grantors in violation of an agreement that the escrow holder should deliver it after the death of both grantors, if the grantee complied with the agreement, it is removable in equity as a cloud on the· title. Frazier v. Frazier, 211· Ala. 176, 100 So. 118; Fay & Egan Co. v. Independent Lumber Co., 178 Ala. 166, 59 So. 470. And any person owning an interest in the fee, mineral therein, or timber thereon, can maintain such bill. Gulf Coal & Coke Co. v. Alabama Coal & Coke Co., 145 Ala. 228, 40 So.· 397; Granade v. United States Lumber & Cotton Co. (Ala. Sup.) 139 So. 409.[1] Independent of the statute for quieting title and determination of claims to real estate, equity courts have jurisdiction to cancel and remove a specially described· cloud upon complainant's title, where the owner is in possession· and where the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity. Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821; Jones v. De Graffenreid, 60 Ala. 145; Daniel v. Stewart, 55 Ala. 278; Plant v. Barclay, 56 Ala. 561; Jones v. Lacey, 220 Ala. 392, 125 So. 635·; Joiner v. Glover, 201 Ala. 279, 78 So. 55; Frazier v. Frazier, supra; King Lumber Co. v. Spragner, 176 Ala. 564, 58 So. 920; 4 Pom. Eq. § 1399.

It will require extrinsic evidence to show that the judgment as recorded in the probate office was not based on service as required by law. See Wood v. Estes, ante, p. 140, 139 So. 331.

▮▮ The decisions that require averment and proof that the defendant, seeking to avoid a judgment for the lack of service, had a good defense in law, and of what the defense consists, are without application to the case in hand, where the lack of jurisdiction of the defendant is sought to be shown. Stephens v. Bruce, 216 Ala. 677, 114 So. 306; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 261, 80 So. 97, and authorities [8]. That is, the case here is that of the want of jurisdiction to render judgment against a nonresident, without personal service. In such case the personal judgment rendered against him and recorded against his property clouds the title to the land in grantee, Howard. In such a case it is not required to aver and prove that Granger had a meritorious defense to the suit at law, or did not know of the judgment within thirty days after ·its rendition. As affecting jurisdiction of a nonresident without personal service, his equity and lien of the rendered and recorded judgment are tested by the: question of due process of law (Ex parte Cullinan et al. [Ala. Sup.] 139 So. 255:[2] Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; L. & N. R. Co. v. Nash, 118 Ala. 477, 23 So. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 So. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718; Sweeney v. Tritsch, 151 Ala. 242, 40 So. 186;· Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Roller v. Holly, 176 U. S. 398, 20 S. Ct. 410, 44 L. Ed. 520; Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 596, 28 L. Ed. 101) under the Constitutions. Sections 6 and 13, Constitution of Alabama; Articles 5 and 14 of the Amendment to the Constitution of the United States.

In cases cited, as Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664; and Stephens v. Bruce, 216 Ala. 677, 114 So. 306, there was not presented a question of the want of jurisdiction to render a personal judgment against a nonresident defendant without personal service.

There is no merit in the demurrers to the bill, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] Ante, p. 185.

[2] Post, p. 263.