20 So.2d 782

**MURPHREE v. INTERNATIONAL SHOE CO.**

8 Div. 290.

Supreme Court of Alabama.

Feb. 1, 1945.

R. B. Patton and D. U. Patton, both of Athens, for appellant.

Thos. S. Woodroof, of Athens, for appellee.

FOSTER, Justice.

This is an appeal from a decree sustaining the demurrer to a bill in equity filed by appellant to set aside a judgment rendered against him in favor of respondent. The bill proceeds in two aspects leading to the same relief. The first is that there was no service of summons and complaint according to the return of the sheriff; that he had no notice of the suit, nor of the judgment until the sheriff levied an execution on certain property as his a few days prior to filing the instant bill in equity; and that he did not owe the debt sued on. The second aspect is that the judgment is void on the face of the proceeding, in that it shows service of the summons and complaint on complainant as defendant in the suit more than six months after the date of its issuance.

We will treat the demurrer to each aspect separately, so addressed (First National Bank v. Bonner, 243 Ala. 597, 11 So. 2d 348; Hays v. McCarty, 239 Ala. 400 [5 and 6], 195 So. 241); but in the inverse order of their statement supra.

Section 187, Title 7, Code of 1940, provides that the summons (and complaint) must be executed promptly, and if not executed in six months after its issuance, the sheriff must return it, and thereafter on request of plaintiff, the clerk may issue other summons. It is the same in the Code of 1923, section 9443. It was materially different in the preceding codes. The summons requires the defendant to appear within thirty days and answer the complaint. Section 184, Title 7, Code. So that the return day of the summons is six months after

its issuance. It has long been settled that "all writs, which have not been served, and under which nothing has been done, expire on the day to which they are made returnable. They no longer confer any authority; an attempt to act under them is a nullity, and new writs are necessary, if the party wishes to proceed. Hence we have the alias writ, and others in numerical succession indefinitely." Mussina v. Cavazos, 6 Wall. 355, 358, 73 U.S. 355, 18 L.Ed. 810; Wyer v. Andrews, 13 Me. 168, 29 Am.Dec. 497. This principle has been applied to a summons on a complaint. Its execution after the return day confers no jurisdiction on the court. Henneke v. Strack, Mo. App., 101 S.W.2d 743; Hatch v. Alamance R. Co., 183 N.C. 617, 112 S.E. 529; Blanton Banking Co. v. Taliaferro, Tex.Civ. App., 262 S.W. 196; Brown v. Tomberlin, 137 Ga. 596, 73 S.E. 947; Bolton v. Keys, 38 Ga.App. 573, 144 S.E. 406; 50 Corpus Juris 481, notes 41 and 42; 21 R.C.L. 1273; 42 Amer.Jur. 26, note 13.

On like principle an execution must be levied before the return day to justify a sale of personal property under it made after return day. This is on the theory that by the levy the sheriff acquires a special property in it of which he is authorized by law to divest himself by a sale. Evans v. Governor, 18 Ala. 659, 54 Am.Dec. 172; Dennis v. Chapman, 19 Ala. 29, 54 Am.Dec. 186.

But that principle does not apply to a sale of land after the return day, though it had been levied on before that day. Such sale is void and passes no title. Hawes v. Rucker, 94 Ala. 166, 10 So. 85; Ann. 2 A.L.R. 189, et seq.

The execution of the summons in the instant case after its return day was a nullity and will not support a judgment by default, such as was rendered. The invalidity of the judgment appears on the face of the record, and the court which rendered it has the power and duty on motion to vacate it. That status does not confer jurisdiction on a court of equity to do so. Ex parte Griffin, 243 Ala. 672, 11 So.2d 738 (6); Cassady v. Davis, 245 Ala. 93, 15 So. 2d 909(10); Johnson v. Johnson, 182 Ala. 376(8), 62 So. 706; Martin v. Atkinson, 108 Ala. 314(3), 18 So. 888.

That aspect of the bill which seeks to set aside the judgment because it is void at law presents a matter solely for the court which rendered the judgment. That being at law, the law side of the court was adequate to that end.

But equity will set aside a judgment and enjoin its enforcement on timely application therefor on averment and proof that defendant was not served with process, provided such defendant also has a good and meritorious defense, shown to be available to him. Prudential Casualty Co. v. Kerr, 202 Ala. 259(8), 80 So. 97; McAdams v. Windham, 191 Ala. 287, 68 So. 51; Fields v. Henderson, 161 Ala. 534, 50 So. 56.

To sustain that equity, the bill must allege not only want of notice, but that he has a good defense and in what that defense consists. Fletcher v. First National Bank, 244 Ala. 98(9), 11 So.2d 854; Fields v. Henderson, 161 Ala. 534, 50 So. 56; Hatton v. Moseley, 229 Ala. 240, 156 So. 546; Stephens v. Bruce, 216 Ala. 677, 114 So. 306.

On demurrer going to the insufficiency of averment, the allegations as to the defense must be positive, explicit and certain, and not set up in a general manner, and must show that complainant has such defense and could establish it. Hendley v. Chabert, 189 Ala. 258, 65 So. 993(10).

The bill alleges that the suit at law was on the common counts; that complainant "did not and does not owe the plaintiff the indebtedness therein sued for," and that he could have successfully asserted his defense thereto. It is not always sufficient in the bill to set up his defense in such form as he would plead it at law. Here his position is positive not negative. He is the actor and is not now defending against the complaint at law. He must in this bill set out in full the nature of the controversy between them and their respective contentions, which must thereby show that his contention in the controversy is meritorious.

Precisely how far the court should extend the inquiry in passing on the merits of the defense claimed in the bill seems not to have been directly considered in our cases. See, Fields v. Henderson, supra; 34 Corpus Juris 497, section 788; 31 Amer. Jur. 258, section 701; Stephens v. Bruce, supra.

We are not now confronted with that question.

For the reasons stated, we are persuaded that the demurrer separately addressed to

·each aspect of the bill was properly sustained. Complainant may amend the bill in thirty days, if he sees proper to do so.

Affirmed.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.