## GREENLEE v. GAINES.

1. When a fraud has been committed upon a vendee in the sale of land, by the false representation of the vendor, that he had title, when he had none, the vendee may resort to chancery for a rescission of the contract, and a return of the purchase money paid, against the representatives of the vendor, without a delivery of the possession, the vendor having died insolvent.

2. A party who fails in the assertion of a good legal defence, or omits to make it at law, may, notwithstanding, avail himself of an independent ground of equitable relief.

Writ of Error to the Court of Chancery sitting at Livingston. Before the Hon. A. Crenshaw, Chancellor.

THE case made by the bill is substantially as follows:—In 1836, the complainant purchased of Thos. Ware, a certain tract of land, and received his bond for titles. Complainant paid part of the purchase money, and gave his note for the residue, which was transferred by Ware to Jesse Duren, and notice of the transfer given to the complainant. Ware represented his title to be good, and in 1838 executed a deed for the land, which was accepted by the complainant. A short time previous to this, the defendant sued out an attachment against Ware, and summoned the complainant as a garnishee, who acknowledged in his answer, that he had made the note above referred to, but stated that Ware had absconded, and died insolvent, having first transferred the note to Duren, to whom, under the advice of counsel he paid it. On the trial of the issue upon the answer of the garnishee, the deposition of Duren was rejected, and a recovery was had against him for the sum of $803 33. It is alledged that the title to the land which Ware thus sold and conveyed to the complainant, never was in the former; but at the time of the contract of sale, and ever since, has been in the United States; and no one else has any claim or right there-

to. The bill prays that the judgment in favor of the defendant be enjoined, and for general relief.

Upon a motion to dismiss the bill for want of equity, the chancellor was of opinion—1. That as there was no offer to rescind the contract and restore the possession of the land to Ware, nor any excuse for the omission, the bill was defective. 2. That all the supposed matters of equity, if true were available at law, and that any error or irregularity which occurred upon the trial there, should be corrected by a revising court. The bill was consequently dismissed at the complainant's cost.

M. F. Horr, for the plaintiff in error, cited 1 Dan. Ch. Pr. 434, notes; 1 Stew. & P. Rep. 107; 2 Ala. Rep. 108; 3 Id. 251; 4 Id. 37; 5 Id. 604; 9 Id. 772; 10 Id. 702.

F. S. Lyon, for the defendant in error, cited 1 Stew. Rep. 81, 490, 532; 1 Ala. Rep. 622; 5 Id. 90, 604; 9 Port. Rep. 434.

COLLIER, C. J.—In Duncan v. Jeter, 5 Ala. Rep. 604, it was said, that if the vendee wishes to rescind a contract for the purchase of land, he must, if money be due, offer to pay, and in addition put the vendor in *statu quo*, by abandoning the possession to him. But it was added, that circumstances might exist which would relieve the vendee from a compliance with the latter requisition. As where the vendor was insolvent, and unable or unwilling to make the title; in such case, the possession might be retained as the only means of reimbursement for money paid on the purchase. The case of Young v. Harris, 2 Ala. Rep. 108, was cited as one under which relief was granted under circumstances of that description, though the vendor did not renounce the possession. In Elliott, et al. v. Boaz, et al. 9 Ala. Rep. 772, the law is laid down in terms quite as broad and decisive. See also Cullum v. Br. Bank at Mobile, 4 Ala. Rep. 21, and the citations there made to this point.

The allegations of the bill are direct and explicit, that Ware, at the time of the contract with the complainant and subsequently affirmed the validity of his title; the latter

purchased under the impression that this affirmation was true, and that he was acquiring land, in the enjoyment of which he could not be disturbed. If this representation was false, and known by the vendor to be so, as the bill indicates, it is difficult to conceive a case of more unmitigated fraud. The death and insolvency of Ware are charged, and the failure to yield up the possession thus sufficiently excused. In this view of the case, the complainant has an unquestionable right to come into equity for a rescission of the contract, and relief against his vendor's representatives, so far as it can avail him. The payment of the purchase money cannot preclude him; for it would seem, that at the time he made the payment to Duren, he was not informed of the defectiveness of Ware's title; and if he had possessed such information, he may have chosen to pay the money rather than submit to a suit, with the intention of afterwards seeking indemnity from his vendor.

The payment of the complainant's note to Duren, or any other matter of which he could have availed himself on the trial at law, will furnish no ground for equitable relief against the defendant. But the defendant must be considered as occupying a position altogether as favorable as if the complainant had made no resistance to the recovery of his judgment; and upon this hypothesis the case may be considered. In Reynolds v. Dothard, et al. 7 Ala. 664, it was objected to the jurisdiction of chancery, that the record of the suit in which the judgment enjoined, had been recovered, discovered an irregularity which would be fatal to the judgment in a direct proceeding. This court conceded, that equity could not relieve against a judgment, if the defence could have been made at law, and the legal remedy was unembarrassed. But we stated that we were not aware of any case in which the rule has been carried so far as to repudiate a bill, because the record of the case at law discovered an error, for which the judgment was reversible, although the case stated was one, of which, independent of this ground, the jurisdiction of equity was unquestionable. The principle adjudged in that case, is this, if a party fails in the assertion of a good legal defence, or pretermits a defence at law, he may avail himself of an independent ground of equitable relief. Here

Greenlee v. Gaines.

the complainant was unsuccessful in resisting a recovery by the defendant, though according to his own showing, the law could have afforded him an ample protection; and any complaint founded upon this ground, we have seen must be placed entirely out of view.

The want of a title in Ware was no ground upon which the plaintiff could have gainsayed a recovery, either in an action on the note, or in a proceeding by garnishment—the fact that he was in possession of the land, and his contract still unrescinded, would have precluded such a defence. But we have seen the defect of title in Ware, especially when coupled with his fraudulent representations, authorized the complainant to resist the payment of the purchase money, and ask a rescission of the contract. What we have said will show, that the omission of the complainant to interpose with success, as he might have done, a defence to a garnishment, by which a creditor of Ware sought to recover a part of the purchase money, will not prejudice an independent ground of relief in equity. In asserting this ground, which assumes the invalidity of the contract, resists the payment of the money unpaid, and asks the re-imbursement of what has been paid, an injunction may be made to reach not only the vendor, but his assignees, either in fact or by operation of law. The defendant comes within the latter designation.

We do not think it necessary to consider whether the bill is not defective for the want of proper parties; for, however this may be, the equity of the bill is not affected, and it should not have been dismissed *upon the motion*, for any supposed defect in this particular. The bill can be perfected by bringing all necessary parties before the court. It results from what we have said, that the decree must be reversed and the cause remanded.