## WILLIAMS *vs.* BARNES.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF PAROL CONTRACT OF SALE.]

1. *Variance between allegations and proof.*—The rule which requires a correspondence between the allegations and proof, is especially strict in cases for the specific execution of parol contracts for the sale of land. Where the contract alleged was, that the complainant should execute his note for one half of the purchase money of two lots bought by defendant, that the two lots should be equally divided between them by an east and west line, and that each party should immediately enter into possession of his half; while the contract proved contained the additional stipulation, " that whenever either of them wished to sell, the other should have the preference or refusal"; *held*, that the variance was fatal to relief.

2. *Amendment not allowable, on reversal of decree, when it makes new case.*—In reversing a decree for the specific performance of a parol contract, on account of a fatal variance between the pleadings and proof, although the evidence shows that the complainant has a good cause of action, the appellate court will not remand the cause, in order that the bill may be amended, if the amendment required would make a new case ; but will dismiss the bill, without prejudice to the right to file another.

3. *Costs divided.*—The chancellor's decree in this case being reversed, and the bill dismissed, but without prejudice, on account of a variance between the allegations and proof, the costs were equally divided.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JAMES B. CLARK.

JAMES E. BELSER, for the appellant.

JOHN A. LEWIS, *contra.*

WALKER, J.—The appellee obtained a decree in the chancery court of Russell county, for the specific performance of a parol contract to sell lands, and the rendition of that decree is assigned for error. The appellant had purchased several of the lots into which a sixteenth section was divided, and each lot contained forty acres. The bill alleges, that the defendant agreed that the complainant should execute his notes for the purchase money of one of two adjacent lots, purchased by the defendant; " that the two lots should be divided equally by a line running east and west, and that complainant should take and possess, in his own right, the south half of each of said lots, and the said Williams (the defendant) should take and possess in his own right the north half of each of said lots"; and " that, as soon as the dividing line should be run, each party should go into possession of his portion of the land."

The answer denies that the contract averred in the bill was ever made, and says that a contract, altogether different in its stipulations, was made before the sale at which defendant purchased. Two witnesses were examined by the complainant, and one by the defendant, in reference to the contract. The deposition of defendant's witness tends to prove a contract entirely different from that alleged in the bill. Dunham, one of the two witnesses of complainant, examined in reference to the contract, proves that, on the day after the sale, he and the other witness, (Carmichael,) at the request of complainant and defendant, divided the two lots by an east and west line; and after the division the contract was stated by complainant, in a conversation between him and defendant. The witness gives the statement of the contract by complainant as follows: " Barnes was to have the south half of sections thirteen and fourteen as above described, being lots in section sixteen, township fifteen, of range twenty-seven, with this proviso, to-wit: agreeing, one with the

other, that whenever either of them wished to sell, that the other should have the preference or refusal."

The complainant's other witness, (Carmichael,) after proving the division of the lots, and that complainant took the south, and defendant the north half, says, that the contract was that "whoever sold first should give the other the refusal."

The contract, as proved by the two witnesses of complainant, contains a stipulation for a mutual preference in the purchase of the respective parcels of land in the event of a subsequent sale. The contract, as averred, contains no such stipulation. The contract as averred, and the contract as proved, are different in this: that the latter contains one stipulation not found in the former. They are, therefore, different contracts, and the bill averring one is not sustained by proof of the other. The stipulation omitted from the bill can not be characterized as immaterial. The parties evidently deemed it a matter of sufficient consequence to give it a place in their contract, and it secures a right which may be valuable.

In bills for a specific performance of a parol contract for the sale of land, the contract must be proved as alleged. The rule which exacts a correspondence between the pleadings and proof is especially strict in such cases.—Sims v. McEwen, 27 Ala. 184; 2 Story's Eq. Juris. § 764, note, § 767; Aday v. Echols, 18 Ala. R. 353; Evans v. Battle, 19 ib. 398; Goodwin v. Lyon, 4 Port. 297; Philips v. Thompson, 1 John. Ch. R. 131; Parkhurst v. Vancortlandt, ib. 284; Mallory v. Mallory, 4 N. C. R. (Busbee's Eq.) 80; 2 Daniell's Ch. Pl. & Pr. 1000, 986; Mundoff and Wife v. Kilbourn, 4 Md. 459; McKinley v. Irvine, 13 Ala. 681; Owens v. Collins & Langworthy, ib. 837.

The relief under the contract set forth in the bill would be different from the relief under the contract proved. Under the latter, the complainant would not be entitled to a decree for the specific execution of the contract, without an averment at least of a willingness to give the defendant the preference, in the event he should wish to sell the land, and in some way securing to the defendant the benefit of a stipulation as to a preference in any future sale.

If the stipulation that the complainant should have the south half of the lots, and the stipulation for mutual preferences in the event of a future sale by either, were independent contracts, then the specific performance of the former might be sought without reference to the latter.—Croom v. Lediard, 2 My. & K. 251, (7 Eng. Chan. 357.) But they are not independent contracts. The witness who gives the entire contract says, that the complainant was to have the particular land, "with this proviso : agreeing, one with the other, that whenever either of them wished to sell, the other should have the preference or refusal." There is no interpretation of the awkward expression of the witness which will enable us to escape the conclusion, that the stipulation for preference or refusal in a future sale was one of the terms of the contract of sale to the complainant. The word "*proviso*", contained in the narration of the contract by the witness, refers to the making of the contract, and not to the performance of it.

The stipulation that complainant should have the land was made upon the condition, or "proviso", that there should also be a stipulation, that whenever either of them wished to sell, he should give the other the preference or refusal. Thus it is clear that the last part of the contract was a part of the consideration upon which the former part was assented to. Without the latter part of the agreement, the former would never have been entered into. The making of the former stipulation was predicated upon the latter. The former stipulation would never have been made, unless accompanied by the other. The two stipulations are, therefore, parts of the same contract. The authorities we have cited above leave us no election. We can not, without disregarding the law, specifically perform a contract, when one of its material stipulations, constituting an important part of the inducement to and consideration of the contract, is omitted from the bill.

We believe that, under the proof, the complainant has a good cause of action; and we would, if we could consistently with the decisions of this court and a wholesome practice, remand the case, that the bill might be amended so as to conform to the case made by the proof. But the settled practice of this court is, to render the decree which the chancery court ought to have rendered, where the amendment would

have the effect of making a different case.    We can not know that the complainant could make the affidavit necessary to obtain an order for amendment under section 2906 of the Code.    The effect of allowing an amendment of the cause after it has been heard upon bill, answer and proof, and tried on appeal to this court, and reversed and remanded here, would be to open the pleadings, and to allow the taking of new proof.    Whether, upon a subsequent trial, the proofs would be the same, it is impossible for us to foresee.    We can not, therefore, determine upon the record before us whether it would promote justice to remand the cause.    It would be otherwise, if the errors in the bill, which required amendment, were mere clerical and unimportant.    When such errors exist, this court would be able to see clearly that the remanding of the cause was demanded by justice, and might, therefore, remand it for that purpose; but that question not being before us, we do not decide it.    We merely except from the operation of this opinion such cases.    It would be improper for us to establish a practice of remanding reversed chancery causes, where the record before us enables us to render the decree which the court below ought to have rendered, unless we are able to perceive clearly that such a course is demanded by justice.    All the decisions in this State are against such a course.—Code, 540, § 3034; Crabb's Adm'r v. Thomas, 25 Ala. 212; Biddle v. Larkins, 21 *ib.* —; Evans v. Bolling, 5 *ib.* 550; Flake & Freeman v. Day & Co., 22 *ib.* 132.

It is just to the learned chancellor who decided this case, to say, that the point upon which it is reversed was not called to his attention, and is not considered in his opinion.

The cause must be reversed, and a decree here rendered dismissing the bill, without prejudice to any other suit for the same cause of action; and the costs of this court, and of the court below, must be equally divided.—David v. David, 27 Ala. 222; Williams v. Sturdevant, *ib.* 598; Randolph v. Roper, 7 Porter, 249; Grey v. Grey, 15 Ala. 779.