# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1875.

## Howell v. Motes.

*Bill to enjoin Execution, &c.*

1. *Relief in equity; what not bar to.*—An unsuccessful attempt, or an entire omission, to assert, in a court of law, a purely equitable defense, does not prejudice the right to relief in equity. If, however, the defense is cognizable, either at law or in equity, a court of equity will not interfere after judgment at law, except upon some special equitable ground.

2. *Same; what does not authorize.*—Since the adoption of the Code, it is not ground of equitable interference against a judgment at law, that it was given on a promissory note, executed to an insolvent vendor, on the purchase of lands into which the vendee was lured by the vendor's fraudulent representation that he had and could make title, whereas, in fact, it resided in third persons, of whom the vendee was compelled to purchase. Such defense was available at law, and, after failure to make it there, resulting from complainant's own negligence, it is too late to seek relief in equity.

3. *Same; amendment, what makes new case.*—An amended bill in such a cause, alleging that the defendant had a life estate in the lands, the value of which is prayed to be ascertained, and, on payment of that, to have relief against the judgment, makes a new case, variant from and repugnant to the original bill, and is properly disallowed.

APPEAL from Chancery Court of Montgomery.

Heard before Hon. ADAM C. FELDER.

The appellant, Howell, filed this bill against the appellee, Motes, to enjoin the collection of a judgment at law, which the latter had obtained against him.

The case made by the original and amended bill was this: Motes, who was then and is now insolvent, falsely and fraudulently represented to appellant that he was owner of, and could make title to, certain lands, which appellant thereupon purchased, executing his promissory notes therefor. Motes

had no title; and appellant was, therefore, compelled to purchase of the owners, who were heirs of Motes' wife. He, thereupon, demanded of Motes the cancellation and surrender of the notes made to him. Motes refused, and brought suit on the notes in the city court.

Appellant, as soon as the summons and complaint were served on him, called upon T., an attorney, to defend him, which the attorney refused to do, on the ground, "as complainant understood," that he had been employed by Motes; thereupon complainant employed S., informing him that T. represented Motes, and at the term at which judgment was rendered, complainant's attorney, "supposing that T. represented the plaintiff in that suit, spoke to him in reference thereto, and understood from him that a trial could not be had at that term, and the defendant (complainant) not being ready, no objection was made by T. to a continuance thereof. Said judgment was taken by other attorneys of Motes, both complainant and his attorney then laboring under the mistake as to T.'s representing said Motes in the suit; that said T. did not represent said Motes, as he has since informed complainant, but was so situated thereto that he could not represent either party, but complainant understood him to say that he represented said Motes, and so informed his attorney. In consequence of this misunderstanding, judgment *nil dicit* was rendered against complainant," &c.

The amended bill further stated, on this point, "that the complaint in said suit at law was signed by Messrs. C. & H., attorneys, at Hayneville, Ala., who sent it to T., who filed it in the clerk's office; that said T. informed complainant that he had brought suit, and, therefore, could not represent complainant, and complainant so stated to his attorney; that at the time complainant's attorney entered his appearance, the name of the attorneys of Motes who took judgment, had not been entered thereon; that complainant's said attorney was in court, looking after the case, at the term at which the judgment was taken, and said judgment *nil dicit* was taken in consequence of the information given by said T. to complainant, which complainant communicated to his attorney; that complainant's attorney went to T., in the court room, and understood from him that the plaintiff was not ready for trial, and as complainant (defendant in that suit) was not ready, it was agreed, as complainant's attorney understood, that the case should be continued, he laboring under the impression, throughout the term, that T. represented the plaintiff in that suit."

The answer states: On the 28th of May, 1872, the suit was instituted in the city court; that it was continued at the

July term, and also at the October term, of that year; that at this last term the names of counsel who took the judgment were then on the docket, and that judgment was not rendered until February, 1873. The answer denies that Motes has no title, or that he made any false representations as to it, &c. Motes demurred to the bill, and made a motion to dissolve the injunction on the denials of the answer, and for want of equity. The chancellor having sustained a demurrer to the original bill, complainant was allowed to amend, and, on the 15th day of May, 1874, the chancellor set down the demurrer to the amended bill. During the argument on the demurrer, complainant offered to file a second amended bill, which the court denied, and, thereupon, entered a decree sustaining a demurrer to the original and amended bill, dissolving the injunction and dismissing the bill.

The dismissal of the bill, and the refusal to allow the amendment proposed, are now assigned for error.

L. A. SHAVER, for appellant.

R. D. RUGELEY, contra.

BRICKELL, C. J.—A court of equity will not relieve against a judgment at law, because of defenses available in a court of law, unless it is alleged and proved that the failure to defend successfully at law, was not attributable to any negligence or want of diligence on the part of the party complaining, but to accident, or to fraud, or act of his adversary.—1 Brick. Dig. 666, § 376. Under the allegations of complainant's bills, original and amended, there is no pretense that the failure to defend at law was attributable to any act of his adversary, or to accident. It was the result of his own want of diligence, and he must bear the consequences of it.

An unsuccessful attempt, or an entire omission, to assert, in a court of law, a purely equitable defense, does not prejudice the right to relief in equity.—Calloway v. McElroy, 3 Ala. 406; Nelson v. Dunn, 15 Ala. 502. Or, if the party fails in the assertion of a good legal defense, or omits to make it, he may, notwithstanding, avail himself of an independent ground of equitable relief.—Greenlee v. Gaines, 13 Ala. 198. If the defense is cognizable, either at law or in equity, a court of equity will not intervene, after judgment at law, unless some special cause of interference is shown.—Foster v. State Bank, 17 Ala. 672.

The grounds on which relief is sought against the judgment at law, are, that it is founded on a promissory note,

[Rhodes v. Lowry.]

the consideration of which is the purchase money of land; that the complainant was induced into the purchase by the false representations of the defendant that he had and could make title to the land; that, in fact, the title resided in third persons, from whom the complainant was compelled subsequently to purchase the lands. Prior to the Code, it may be these facts would not have constituted a defense available at law. Since the Code, they would form an available legal defense. The sum paid, or contracted to be paid, in extinguishment, or, rather, in acquisition of the title from those holding it, would have been proper matter of set-off or recoupment against the note given to the defendant, and exceeding it in amount would have been a full answer to the suit at law.—*Holley v. Young,* 27 Ala. 203; *Martin v. Wharton,* 38 Ala. 637.

If the second amended bill presented matter of equitable relief, it made a new case, variant from and repugnant to that stated in the original and first amended bill, and was, therefore, properly disallowed. The allegations are that the defendant had a life estate in the lands, the value of which it is proposed shall be ascertained, and, on the payment of such value, relief had against the judgment at law. The allegations of the other bill are that the defendant had no interest in the lands, and, therefore, there was a total failure of the consideration of the note, on which the judgment is founded.—*Williams v. Barnes,* 28 Ala. 613.

There is no error in the decree of the chancellor, and it must be affirmed.