# Snediker & Boynton *v.* Boyleston.

*Bill in Equity by Husband and Wife, for Injunction of Claim Suit involving her Statutory Estate.*

1. *Conveyance by husband to wife.*—A conveyance by the husband, to the wife directly, creates in her only an equitable estate or interest, leaving the legal title in him as her trustee.

2. *Claim suit by husband, as trustee for wife.*—When an attachment against the husband is levied on property which he has conveyed to his wife, the legal title remaining in him as trustee, he can not interpose a claim as such trustee, in order to assert her rights by a trial of the right of property, or statutory claim suit.

3. *Equitable remedies of wife, for protection of her property against husband's creditors.*—When an attachment or execution against the husband is levied on property which he has conveyed to his wife, the legal title remaining in him as her trustee, she may come into equity to protect it against sale, or further proceedings at law; and if the husband has interposed a claim at law, as her trustee, to try the right of property, she may enjoin further proceedings in that suit; and the husband may join with her in the bill, notwithstanding his interposition of the claim, which is merely an ineffectual attempt to assert at law a claim purely equitable.

4. *Retroactive statutes.*—The statute approved February 28th, 1877, the proviso to which allows the holder of a lien or equitable title to maintain a statutory claim suit (Code of 1886, § 3004), not being expressly made applicable to suits then pending, the courts will not give it such retroactive operation.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 26th May, 1887, by Mrs. Victoria Boyleston and her husband, Joseph C. Boyleston, against Snediker & Boynton, individually and as partners; and sought to enjoin further proceedings in an attachment suit instituted by the defendants against said J. C. Boyleston, and in a statutory claim suit for the property on which the attachment was levied, under a claim interposed by him as trustee for his wife. The chancellor overruled a demurrer to the bill, and his decree is here assigned as error.

G. L. COMER, for appellants.—At the time of the levy, the legal title to the goods was in the defendant in attachment, and the goods were liable to the attachment. On the interposition of his claim as trustee for his wife, he volun-

[Snediker & Boynton v. Boyleston.]

tarily executed a claim bond, as required by the statute, and the goods were thereupon delivered to him; and they were afterwards sold, before this bill was filed. The bond was a legal contract, and created a legal liability on the bondsmen; and a court of equity has no power to relieve them from the liability thus created and assumed.—*Loeb & Bro. v. Manasses*, 78 Ala. 555; *Rhodes v. Bradford*, 66 Ala. 177; *Munter v. Leinkauf & Strauss*, 78 Ala. 546.

H. D. CLAYTON, Jr., *contra*.

CLOPTON, J.—The bill is filed by appellees, who are husband and wife, and its purpose is to enjoin a statutory trial of the right to property, and to establish the right of the wife to the property in controversy, which was levied on by an attachment sued out by the appellants against the estate of the husband, and claimed by him as husband and trustee of his wife. The affidavit made by the husband, preliminary to putting in the claim, states that the goods levied on are the property of his wife, held and owned by her under a conveyance from him. It is insisted that the husband, by executing a bond requisite to obtain a trial of the right of property, and possession of the property, fixed a liability upon himself, from which a court of equity will not relieve him, on the ground that complainants were ignorant of, and mistook their legal rights.

A conveyance by the husband directly to the wife creates in her an equitable estate, but is inoperative to pass the legal title. Under the law at the time the claim was interposed, only the legal title was in issue in a statutory trial of the right of property; equitable rights would not be regarded or enforced. If the legal title was found to be in the defendant in the attachment, the property would be held, in a court of law, to be his, and subject thereto. In such case, in order to uphold the equitable estate, and protect it against the creditors of the defendant in attachment, resort to a court of equity was necessary.—*Loeb v. Manasses*, 78 Ala. 555. It is well established, that when personal property of a married woman is levied on under executions against the husband, who is her trustee by operation of law, she may come at once into a court of equity, to protect it from levy and sale, or, after it has been sold under the executions, to recover the property.—*Cole v. Varner*, 31 Ala. 244; *Gerald v. McKenzie*, 27 Ala. 166. There can be no sufficient reason,

when her equitable estate has been seized under an attachment against her husband, who, having the legal title, interposes a claim, why the wife may not invoke the intervention of a court of equity, before the trial of the claim suit, for the protection of the trust estate, by preventing a trial and condemnation at law. If the equitable estate is in the wife, as alleged in the bill, and on the trial at law it was found subject, and sold to satisfy the judgment rendered on the attachment, the purchaser only would acquire the legal title, to hold in trust for the wife, against whom she could file her bill to recover the property. The ends of justice would be more fully subserved, the trust estate more surely protected, and a multiplicity of suits prevented, by the intervention of equity before a trial and condemnation at law, whereby the trust property might be subjected to waste or destruction.

It is insisted, that, though the wife may come into equity for the purpose of protecting her equitable estate, the husband, having interposed a claim under the statute, and having given the claim bond, can not unite with her in the bill. Notwithstanding a party may have failed in the assertion of a legal defense, and judgment has been rendered against him, he will not be precluded from relief on independent grounds exclusively equitable; and an unsuccessful attempt to assert in a court of law a purely equitable defense will not prevent relief in equity.—*Greenlee v. Gaines*, 13 Ala. Rep. 198; *Howell v. Motes*, 54 Ala. 1. The affidavit of claim made by the defendant in attachment shows, that the right to the property, asserted and intended to be put in issue, is the equitable title of the wife; and the recitals of the claim bond are, that he made affidavit, that as husband and trustee he has a just claim to the property, and that it is the property of his wife. The condition of the bond is, that "J. C. Boyleston, as husband and trustee aforesaid, shall have the said property, above described, forthcoming for the satisfaction of the judgment, if it be liable therefor, and pay such costs and damages as may be recovered for putting the said claim in for delay." Neither the bond nor affidavit, nor both, estop the husband from uniting with the wife to obtain protection of the trust property by a court of equity. It is no more than an attempt to assert in a court of law a claim purely equitable. The liability imposed by the bond is contingent on the property being found subject. The purpose of the bill is, not to relieve the claimant from this contingent lia-

bility, but to stay the trial at law, and obtain an adjudication as to the liability of the property to the demands of the creditors, by a court having exclusive jurisdiction of purely equitable rights; and if adjudged not to be subject, the effect of the bill will be to prevent the happening of the contingency, on which the liability on the bond becomes absolute.

The case does not come under the operation of the act of February 28, 1887, ammending section 3341 of the Code of 1876, by which it is provided, that the statutory right of trial to property shall include any person who holds a lien upon, or equitable title to the property levied on. The claim was interposed before the passage of the act, and the statute is not retroactive.—*Wetzler v. Kelly*, at present term; Code, 1886, § 3004.

Affirmed.