106 So.2d 178

### VESTAVIA COUNTRY CLUB

v.

### Moses ARMSTRONG.

6 Div. 313.

Supreme Court of Alabama.

Oct. 30, 1958.

Wm. M. Acker, Jr., Smyer, Smyer, White & Hawkins, Birmingham, for appellant.

336

Holt & Cooper, Birmingham, for appellee.

LAWSON, Justice.

This appeal is from a decree of the Circuit Court of Jefferson County, in Equity, overruling a demurrer to appellee's bill, as amended, to which we will refer hereafter as the bill.

The bill is to cancel and vacate a default judgment which the respondent recovered against the complainant in an ejectment suit on the law side of the circuit court and to enjoin the respondent from taking further steps to procure the execution of that judgment.

The bill shows that the complaint in the ejectment suit was filed in the Circuit Court of Jefferson County on October 5, 1956, and was given the number 37732–X; that the Sheriff of Jefferson County through his deputy, W. D. Truss, made a return showing personal service of the summons and complaint on the defendant in the ejectment suit on October 15, 1956. The following entries were thereafter made in said case No. 37732–X. On January 9, 1957, the following judgment was entered: "Judgment by default with leave to prove damages." On May 22, 1957, the following judgment was entered: "Dismissed for want of prosecution." On June 4, 1957, the following order was entered: "Judgment of May 22, 1957, set aside" and on the same day a judgment for the plaintiff was entered in the following language: "Judgment by default for Plaintiff v. Defendant for the possession of the property sued for in the Complaint and court costs. Plaintiff waives claim for damages for detention." As we understand the bill, it is the default judgment rendered on June 4, 1957, which this bill, filed on October 27, 1957, seeks to have vacated.

The bill avers that complainant "has never been served with summons and complaint or with any other type of notice of the filing, hearing, or pendency of the suit contained in said Case Number 33732–X, either prior to October 15, 1956, on October 15, 1956, or subsequent to October 15, 1956, by W. D. Truss, Deputy Sheriff, or any other person."

■ A court of equity has jurisdiction to set aside and enjoin the enforcement of a judgment at law which purports to have been rendered by default on timely application therefor where the claiming party has a meritorious defense to the action and is without negligence himself in permitting

the rendition of the judgment. Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Golden v. Golden, 102 Ala. 353, 14 So. 638; Dunklin v. Wilson, 64 Ala. 162; Fields v. Henderson, 161 Ala. 534, 50 So. 56; Bolling v. Speller, 96 Ala. 269, 11 So. 300.

■ The original jurisdiction of a court of equity is not affected by the four-month statute, § 279, Title 7, Code 1940, conferring like or similar jurisdiction upon courts of law, and a complainant in a bill of this kind is not required to acquit himself of negligence in failing to apply to the court of law for relief, under the four-months statute, before going into equity to obtain the same relief. Evans v. Wilhite, 167 Ala. 587, 52 So. 845. See Leath v. Lister, 233 Ala. 595, 173 So. 59.

But if knowledge of the judgment at law comes to the defendant therein during the thirty-day period while the judgment is under the control of the court, and in time to bring such lack of service to the attention of the court, and he fails to do so, he is forever barred in equity. Hatton v. Moseley, 229 Ala. 240, 156 So. 546, and cases cited.

■ There is nothing in the present bill which shows that the complainant, the defendant in the ejectment suit, could not have asked the court which rendered the judgment in the ejectment suit to set aside that judgment within thirty days from the time it was rendered, nor is there any allegation in the bill to excuse a failure to do so. The bill contains no allegation to the effect that complainant did not become aware of the judgment in the ejectment suit until after the expiration of thirty days from the day on which that judgment was rendered. That thirty-day period now constitutes the term within the meaning of our old cases. Ex parte Smith, 258 Ala. 319, 62 So.2d 792. This is a fatal defect in the bill and is pointed out by some of the grounds of the demurrer. National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 So.

844; Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369; Leath v. Lister, supra. See Lucy v. Hall, 264 Ala. 273, 87 So.2d 32; Battle v. Morris, 265 Ala. 581, 93 So.2d 428; Ex parte New Home Sewing Machine Co., 238 Ala. 159, 189 So. 874; Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664. There was no ground of demurrer in Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456, which raised this exact question. An examination of the original transcript in Raisin Fertilizer Co. v. McKenna, 114 Ala. 274, 21 So. 816, discloses that the complainant alleged in his bill that he did not learn of the existence of the default judgment sought to be vacated until after the expiration of the term of court during which the judgment was rendered.

■ As we read the bill, it does not predicate relief upon disjunctive sets of averments. If the bill can be said to contain two grounds for relief, they are stated cumulatively, not disjunctively or in the alternative. In our recent case of Doswell v. Hughen, 266 Ala. 87, 90, 94 So.2d 377, 379, we said: "* * * Where aspects are framed with cumulative grounds for relief, if either ground is sufficient, its force is not impaired by the fact that it is joined cumulatively with another ground, which of itself, will not maintain the equity of the bill. Shipman v. Furniss, 69 Ala. 555; 12 Ala. Lawyer, Creel, Aspects of A Bill In Equity, 238; See also Cooper v. Agee, 222 Ala. 334, 132 So. 173."

We hold, therefore, that the bill is not demurrable on the ground that it predicates relief upon disjunctive sets of averments, one of which is insufficient as a ground for such relief.

As indicated above, the grounds of the demurrer pointing out the failure of the bill to show a valid excuse why no application was made to the circuit court to have the judgment rendered in the ejectment suit set aside within thirty days from its rendition were well taken and should have been sustained.

The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded, with leave to appellee to amend within thirty days from the date on which the decree of this court reaches the Register of the Circuit Court of Jefferson County.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.