122 So.2d 517

COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

v.

Olie B. ARMSTRONG.

6 Div. 183.

Supreme Court of Alabama.

Aug. 18, 1960.

Fite, Wilson & Fite, and Arthur Fite, Jr., Jasper, for appellant.

Bill Fite, Hamilton, for appellee.

LAWSON, Justice.

This case was submitted on briefs without oral argument. At time of submission it was assigned to another Justice. It was assigned to the writer of this opinion on August 1, 1960.

Colonial Life & Accident Insurance Company, hereinafter referred to as Colonial, filed its bill in the Circuit Court of Marion County, in Equity, to cancel and

vacate a default judgment which the respondent, Olie B. Armstrong, recovered against Colonial in the Marion County Court and to enjoin Armstrong from taking further steps to procure the execution of that judgment.

The trial court, after a consideration of the evidence, denied the relief sought by Colonial, dismissed its bill and dissolved a temporary injunction theretofore issued. From that decree Colonial appealed to this court.

■ A court of equity will cancel a judgment at law, on timely application, when the complainant avers and proves that he had no notice of the suit, has a meritorious defense, and had no knowledge of the judgment at law during the thirty-day period while the judgment was under the control of the court. Vestavia Country Club v. Armstrong, 268 Ala. 334, 106 So.2d 178; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Fields v. Henderson, 161 Ala. 534, 50 So. 56; Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 89 Ala. 214, 7 So. 765.

In the case at bar, while there may be some doubt as to whether or not Colonial had notice of the suit, we think the decree here under review must be affirmed for the reason that under the evidence the trial court was justified in denying relief to Colonial because the evidence failed to show that it had a meritorious defense to the suit in the Marion County Court. Fields v. Henderson, supra.

The suit by Armstrong in the Marion County Court was on a health and accident insurance policy issued by Colonial in favor of Armstrong.

The policy of insurance did not cover "(a) any loss which results from hernia; * * *"

Colonial sought to show that it had a meritorious defense to the suit on the insurance policy in the Marion County Court in that Armstrong's claim was based solely on injuries which resulted from a hernia.

The only evidence in this record which relates to the basis of Armstrong's suit against Colonial is the testimony of the Judge of the Marion County Court, who tried the case.

After stating that in his best judgment Armstrong's illness "was hernia, or double hernia," the Judge of the Marion County Court stated: "I'm going to have to qualify that to this: That the defendant— That Charley Templeton and Olie Armstrong each had a case of some type of hospital insurance, and one or the other was suffering from hernia. It is my best recollection it was the testimony that Olie Armstrong was the one. I tried the cases about the same time—about the same period of time. There was testimony in one of the cases, and I believe it was Olie Armstrong's, but it could have been Charley Templeton—One or the other did have a hernia." No other evidence was adduced by either party relative to the nature of the suit in the Marion County Court.

The testimony set out above is certainly not sufficiently definite to the effect that it was Armstrong who sought to recover for injuries which resulted from a hernia to justify us in reversing the trial court before whom the witness testified in person. The testimony quoted above, when considered in its entirety, can be well evaluated as showing no more than that the witness does not remember whether it was Armstrong or Templeton who relied on a hernia injury as the basis of his suit.

Such testimony does not meet the standards prescribed by our cases in this type of suit where a court of equity is called upon to set aside and vacate a judgment of another court. In Waldron v. Waldron, 76 Ala. 285, 289, we said:

" * * * A proper and due regard for the peace and interests of society requires strictness and caution in exercising the power to disturb the decrees and judgments of other courts.

of competent or concurrent jurisdiction, and in re-opening controversies, which it is the policy of the law to quiet. * * *"

See Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

■ We cannot say that the burden upon Colonial to show that it had a meritorious defense to the action at law was sufficiently sustained by the evidence presented on the trial of the case here under review.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.