219 So.2d 629

**Al GORDON**

**v.**

**C. F. HALSTEAD.**

**6 Div. 544.**

Supreme Court of Alabama.

Feb. 13, 1969.

Rehearing Denied March 13, 1969.

Jack R. Evans, Tuscaloosa, and Albert W. Copeland and Frank Riggs, III, of Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellant.

Crenshaw & Waller, Montgomery, for appellee.

MERRILL, Justice.

This is an appeal from a decree setting aside a default judgment in the amount of $25,000 on the ground that the defendant was not served with notice of the suit, and enjoining the plaintiff in that suit from enforcing the judgment.

On February 14, 1966, a judgment by default was entered in favor of appellant Gordon, as plaintiff, in a suit against appellee, C. F. Halstead, individually and doing business as C. F. Halstead, Contractor. The sheriff's return showed personal service on C. F. Halstead. One Charles A. McFarlin was also a defendant in the suit against appellee and had filed an appearance. On March 18, plaintiff Gordon, with the consent of defendant McFarlin, withdrew his demand for a jury trial, struck McFarlin as a party defendant, asked for a writ of inquiry, and plaintiff's damages were fixed at $25,000, the amount sued for and judgment was entered against Halstead, the remaining defendant. More than four months later, Halstead received a letter from the sheriff of Tuscaloosa County, dated October 5, 1966, notifying him to pay the judgment or execution would be levied to collect it.

The instant verified bill to set aside the default judgment was filed October 14, 1966. It averred the circumstances of the damage suit, that Halstead had never been

served, that the first notice he had of the suit was the letter from the sheriff dated October 5; and that he had a good and meritorious defense to the action at law, and listed five different defenses in paragraph 9 of the bill. Respondent's answer contained the following:

"Respondent denies all material allegations contained in paragraphs 7, 8 and 9 and demands strict proof thereof."

Trial was had on June 8, 1967, and after the complainant, Halstead, had rested, the following took place:

"MR. EVANS: We would like to move to exclude the evidence of the Complainant in this case on the grounds that in order to prevail in this action under the law of Alabama it is especially essential the Complainant carry the full burden of proof in the case and that he prove three things: First, that he prove that the Complainant had a meritorious defense to the action at law. Secondly, that he prove conclusively that the service of process was not executed on the Complainant in the lower case. Thirdly, that he prove conclusively that the Complainant had no actual notice of the action pending in the lower case; and I submit, Your Honor, the Complainant has offered absolutely no proof in support of its allegation that it has a meritorious defense in this case and that therefore the Complainant is precluded from prevailing in the action pending.

"THE COURT: I must say to all concerned in all fairness the evidence presented here today shows conclusively Mr. Halstead was never served in any capacity. Insofar as the defense of the original suit is concerned I don't see how we can go into that. I don't think there has been any service on Mr. Halstead.

"MR. EVANS: We submit it is necessary in order to prevail to set aside the judgment at law that there be proof of a meritorious action of law and I state there has been no evidence presented and the plaintiff has rested and we reiterate our motion to exclude the evidence for the plaintiff and render a decree for the respondent in this case.

"THE COURT: I want to be fair with everybody but $25,000.00 judgment involves a large sum of money.

"MR. EVANS: We would specifically like to request, Your Honor, that we be permitted to submit a written brief.

"MR. FLOWERS: We submit it is not necessary to go into the defense. I don't think the law says we have to prove any absolute defense to any claim.

"THE COURT: I don't think we could try the case. It is obvious Mr. Halstead was not served. No service was had on him. Don't get me wrong. I am here to hear any evidence you have to the contrary, but all the Complainant's testimony points out the fact he was not served. That is the way it appears. If you have evidence to the contrary I certainly want to hear it. I overrule the motion to exclude the testimony of the Complainant.

\* \* \* \* \* \*

"MR. FLOWERS: We will be glad to reopen the case as to the meritorious defense. There is no indication anywhere except this erroneous return that the man got a copy of the Summons and Complaint. A man has to be given notice before a judgment is given against him and this man did not get a notice. If the Deputy equivocated there would be something to go forward with, but there is no evidence in the case that he got it. He was not served, period.

"MR. EVANS: Your Honor, we, of course, strenuously object to them reopening. They have rested.

"THE COURT: I see no necessity to go into the matter of the facts.

"MR. EVANS: Then I reserve an exception to the ruling on my motion to exclude and I request that the Court permit me to file a brief prior to entry of the decree in the case.

---

"THE COURT: I am not denying anybody, but the evidence on behalf of the Complainant shows conclusively there was no service on Mr. Halstead.

"MR. EVANS: We rest, Your Honor.

\* \* \* \* \* \*

"THE COURT: We simply cannot go into all the ramifications and aspects of the alleged negligence on the part of the Defendant.

"MR. FLOWERS: That is our contention.

"MR. EVANS: We submit there must be some evidence that the Court can make a finding of fact that he has a meritorious defense and there is no evidence introduced in this case in that regard.

"MR. FLOWERS: I would like to offer a verified Bill of Complaint in this case then.

"THE COURT: I don't think it is necessary. I am giving you an opportunity now, Mr. Evans, Senator McCain, to present evidence to dispute testimony that has been put on by the Complainant."

It is clear from these statements that the trial court was convinced that Halstead had never been served and that it was not necessary to go any further in proof of other allegations of the bill.

A court of equity will cancel a judgment at law, on timely application when the complainant .avers and proves that he had no notice of the suit, has a meritorious defense, and had no knowledge of the judgment at law during the thirty-day period while the judgment was under the control of the court. Colonial Life & Accident Ins. Co. v. Armstrong, 271 Ala. 136, 122 So.2d 517; Vestavia Country Club v. Armstrong, 268 Ala. 334, 106 So.2d 178; Ingram v. Alabama Power Company, 201 Ala 13, 75 So. 304.

Although appellee's allegations of his meritorious defenses were sufficient, there was no proof submitted. It is not necessary to go into all the defenses or "all the ramifications and aspects of the alleged negligence on the part of the Defendant," but only a showing that the defendant does have a bona fide defense or defenses to the action.

The averments of the bill in this case show that the complainant had a meritorious defense, if true, Hanover Fire Insurance Co. v. Street, 228 Ala. 677, 154 So. 816; and the requirement that the complainant must show a meritorious defense does not mean that he will be victorious or that he has a meritorious defense to the whole cause of action. 30A, Am.Jur., Judgments, § 833, p. 756.

It would have required very little proof for all of the averments of a meritorious defense, especially in view of Counts Three and Six of appellant's original complaint at law, where only McFarlin's alleged negligence was made the basis of the suit. But, since there was no such proof, it is apparent that the trial court erred in rendering the decree without such proof.

We do agree with the trial court that the evidence "shows conclusively that there was no service on Mr. Halstead."

We cannot agree with appellee that because a judgment for the full amount of damages claimed in a suit for unliquidated damages resulting from an automobile accident is a rarity, that this fact per se is sufficient evidence to show that a default judgment, secured without notice upon the defendant, should be set aside. While this is a circumstance to be considered by the court, our cases require and should continue to require some evidence of a meritorious defense. See Ingram v. Alabama Power Company, 201 Ala. 13, 75 So. 304 [4, 5], where the reason for the requirement is stated.

We cannot agree with appellant that we should reverse and *render* the judgment in this case. Tit. 7, § 810, Code 1940, permits appellant courts to render a judgment upon reversal, but the statute says the appellate court "may," not "must," render.

In one of the cases cited by appellant, Williams v. Barnes, 28 Ala. 613, this court said in 1856, " * * * It would be improper for us to establish a practice of remanding reversed chancery cases, where the record before us enables us to render the decree which the court below ought to have rendered, *unless we are able to preceive clearly that such a course is demanded by justice. * * *"* (Emphasis supplied.)

It is abundantly clear to us that justice requires this case to be reversed and remanded, so that the complainant may show that he had a meritorious defense to the default judgment of $25,000, which was obtained without personal service or notice to him.

The temporary injunction restraining appellant from enforcing or seeking to enforce the judgment in the case at law will still be retained until a final disposition of the cause in circuit court.

The judgment is reversed and the cause is remanded to the circuit court for a hearing on the question of appellee's meritorious defense.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.