WRIGHT, Presiding Judge.
This is an unemployment compensation case.
After decision of the Board of Appeals denying plaintiff’s claim for unemployment compensation benefits, appeal was taken to the Marengo County Circuit Court for a trial de novo.
At the conclusion of claimant’s evidence, the defendant-Department of Industrial Relations orally requested a directed verdict[1] on the ground that plaintiff had not met his burden of proof under § 25-4-77, Code of Alabama (1975). More specifically, the Department claimed the plaintiff had not met his burden of showing “availability” for work throughout the benefit period and was, therefore, ineligible for benefits. The trial court denied the Department’s motion and the case proceeded.
After trial, judgment was entered finding plaintiff eligible to receive benefits. The Department filed a post-trial “Motion to Vacate Judgment and Enter a Judgment for the Defendants” on substantially the same ground as its earlier motion for directed verdict, i. e., that plaintiff had failed to meet his burden of proof in showing “availability” for work. The trial court entered the following order pursuant to this motion:
Upon consideration of Defendant’s motion to vacate judgment and to enter a judgment for defendant, the Court is of the opinion that the motion to vacate is due to be granted. However, the Court is of the opinion that the motion for judgment for defendant is due to be denied in that the plaintiff was wrongfully discharged, and may have a valid claim for unemployment compensation.

It is the further ORDER of this Court that additional testimony shall be taken *1013 ... for the soul (sic) purpose of determining whether or not the plaintiff fulfilled all eligibility requirements for obtaining unemployment compensation.
The Department appeals from this order. At issue is the propriety of the trial court’s action in setting a hearing for the purpose of taking additional testimony on the question of the eligibility of the plaintiff to receive benefits.
The Department claims that the court’s order, in effect, granted a partial new trial on the eligibility issue and that such was granted on the court’s own initiative more than thirty days after judgment in violation of Rule 59(d), ARCP. The Department alternatively contends that the court was prohibited from granting a new trial because such relief was not requested in its post-trial motion.
The appellant’s argument that the court granted new trial on its own untimely initiative is not well taken. It is seemingly based on the assertion that new trial was granted to plaintiff in order to allow him to produce evidence essential to his burden of proof on the question of eligibility. § 25-4-77, et seq., Code of Alabama (1975).
While we are not asked to, nor could we from the scant record before us, determine whether the plaintiff carried his burden of proof on the question of eligibility, we do note that there was evidence before the court indicating plaintiff’s “availability” for work at all times after filing for benefits. The trial court entered judgment for plaintiff, and defendants filed its post-trial motion to vacate and enter judgment for defendants challenging the sufficiency of the evidence to support that judgment. In response to defendant’s motion, the trial court set aside its judgment in favor of plaintiff, and set a hearing for taking additional testimony on the question of eligibility. It is evident, the court did not grant a new trial on its own initiative. It granted a new trial in response to defendant’s timely-filed motion. Rule 59(d), ARCP is not applicable.
The question remaining is whether the trial court should be prohibited from ordering relief, i. e., the taking of additional testimony, when such relief was not requested in the post-trial motion. The Department contends the court should be so prohibited. We do not agree. We consider that Rule 59(a) authorizes the trial court’s action in a non-jury case.
This issue comes to us in a strange posture; that is, the party upon whose motion the judgment was vacated is now complaining of the relief ordered. The peculiarity results from the Department’s aforementioned assertion that the trial court should have entered judgment in its favor upon the post-trial motion and that taking additional testimony will allow plaintiff to produce additional evidence on the question of eligibility. We find nothing wrong with that. Such occurs always when a new trial is granted. In this case it serves the purpose of the rules and the beneficent purpose of the Unemployment Compensation Act.
There is authority for the court’s granting a new trial where different relief is sought by post-trial motion. Federal Courts have held that on a motion for judgment notwithstanding the verdict under Rule 50(b), FRCP, the trial court may, rather than grant judgment for the movant, in its discretion, order a new trial in the interest of fairness and justice. Stonehocker v. General Motors Corp., 587 F.2d 151 (4th Cir. 1978); Weider v. Hoffman, 238 F.Supp. 437 (M.D.Pa. 1965); See, Peterman v. Chicago, Rock Island and Pacific Railroad Co., 493 F.2d 88 (8th Cir.), cert. denied, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974). The court’s discretion in granting new trial in such a situation may be exercised if it believes any defect in proof might be remedied by a second trial. See, Weider v. Hoffman, supra; Wright and Miller, Federal Practice and Procedure, Civil § 2538.
The case was tried non-jury. The Department’s post-trial motion requested entry of judgment for defendants, not unlike the function of a motion j.n.o.v. in a case tried before a jury. The court granted the motion and ordered additional testimony on the eligibility question. Such action is consistent with the procedure outlined in the *1014 cases cited above. See, Peterman, supra. The court’s taking additional testimony should enable it to clear up any doubts it may have with regard to plaintiff’s eligibility for benefits and this is in keeping with the beneficent purpose of our unemployment compensation laws. See, Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970). We find no abuse of discretion in either the procedure or the propriety of the court’s ordering additional testimony to do justice between the parties. See, City of Union Springs v. Evans, 286 Ala. 412, 240 So.2d 662 (1970).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. We note that defendant’s motion for “directed verdict” in this non-jury case was, in fact, a Rule 41(b) motion for dismissal. See, Chaney v. General Motors Corp., 348 So.2d 799 (Ala.Civ.App.1977).