EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an unemployment compensation case. The trial court awarded benefits to the claimant and the department appeals.
The trial court properly concluded that the claimant did not leave her work voluntarily without good cause — this is true under the evidence and also because that holding or finding is not attacked on appeal, hence same is waived. However, no evidence was introduced concerning her ableness and availability for work under §§ 25-4-77 and -78(5) of the Code 1975. Such lack of proof is the only issue raised and argued by the department on this appeal. Proof that the claimant was able to, and available for, work was necessary to sustain her case. Quick v. Director of State Department of Industrial Relations, Ala.Civ.App., 398 So.2d 312 (1981) and cases *1017 cited therein. Accordingly, we must reverse this case. We have carefully considered the scholarly argument of sincere counsel for the claimant.
When a judgment is reversed, we may remand the case to the trial court for further proceedings, or we may enter such judgment as that court should have rendered in those cases where the record enables this court to do so. Code 1975, § 12-22-70.
The department requests that we render a judgment denying benefits to the claimant because she failed to prove such facts. However, we deem that such action on our behalf would be contrary both to the beneficent purpose of the Unemployment Compensation Act and to the philosophy of Alabama’s modern judicial system whereby, among other objectives, the courts seek the just determination of all cases on their merits. ARCP, Rule 1(c); ARAP, Rule 1.
Section 12-22-70 of the Code specifies that an appellate court “may,” not “must,” render the proper judgment upon a reversal. If the record enables us to render a judgment, we should not remand the case after reviewing it unless we are able to perceive clearly that such a course is demanded by justice. Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969). In the Hal-stead case the trial court set aside a default judgment in the amount of $25,000 against a defendant upon the ground that he was not served with notice of the suit, but there was no proof that the defendant had a meritorious defense. Upon reversing the case on that ground, Justice Merrill stated therein:
It is abundantly clear to us that justice requires this case to be reversed and remanded, so that the complainant [defendant on the law side] may show that he had a meritorious defense to the default judgment of $25,000, which was obtained without personal service or notice to him.
Justice requires that this case be remanded, not rendered, to enable the claimant to show whether she was able to work and was available for work, since it has already been adjudged that she did not leave her work voluntarily without good cause. “The court’s taking additional testimony should enable it to clear up any doubts it may have with regard to plaintiff’s eligibility for benefits and this is in keeping with the beneficent purpose of our unemployment compensation laws.” Davis, Director of Department of Industrial Relations v. Null, 402 So.2d 1011 (Ala.Civ.App.1981).
The judgment is reversed and the cause is remanded to the circuit court where additional evidence shall be taken and a judgment rendered with regard to the claimant’s eligibility for benefits particularly under §§ 25-5-77 and -78(5), Code 1975.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.