WRIGHT, Presiding Judge.
This is an unemployment compensation case.
After claimant, Herman Riddle, was discharged from Southern Metals Company, he applied for unemployment compensation but was denied benefits by the Department of Industrial Relations (Department). Claimant appealed the Department’s decision to circuit court where trial was held de novo. After a hearing ore tenus, the trial court awarded stipulated benefits to claimant. The Department appeals.
The Department at the completion of claimant’s evidence moved for a directed verdict.[1] The motion was denied. The Department contends error in that ruling.
The record discloses that the ground of the oral motion was that, “[W]e feel like that the plaintiff has failed to meet the burden of proof.” Following this statement of the motion, the coloquy between counsel for the department and the judge was as follows:
“BY THE COURT: Did you have anything else to say?
MR. HAYES: No, that’s all, just on that Motion.
BY THE COURT: Why are you saying he is disqualified?
MR. HAYES: Well, we feel like—
BY THE COURT: Which rule are you saying he is disqualified under?
MR. HAYES: He is disqualified under 25-4-78.
BY THE COURT: Which paragraph?
MR. HAYES: Two.
BY THE COURT: Which part of paragraph two, I’m sitting here looking at it?
MR. HAYES: The voluntary section, as far as disqualification.
BY THE COURT: You’re saying that-let me double check here. That he left his most recent bona fide work voluntarily without good cause connected with such work?
MR. HAYES: Yes ma’am.
BY THE COURT: All right. It’s denied.”
As shown, the stated ground of the motion was disqualification under § 25-4-78(2), Code of Alabama 1975. Our examination of the record discloses evidence that supports the denial of the motion on that ground. Claimant undisputedly became ill and took leave from his employment for kidney surgery. His employer was notified personally and by the filing of an insurance claim for the illness. Before claimant could return to work, he suffered a recurrence and again underwent surgery. He again personally notified his plant manager and supervisor that he was ill and would return to work when he was determined recovered by his doctor. He was notified thereafter that he had been terminated. He then signed up for unemployment benefits. In view of the evidence and the ground stated, there was no error in denying the motion.
*565 The Department also contends that the court erred in granting judgment for claimant because he failed to meet the burden of proving that he registered and was available for work under § 25-4-77, Code 1975.
The record discloses that claimant is a sixty-year-old man who can neither read nor write except for signing his name. He was admittedly represented by counsel who was trying his first unemployment compensation ease. Counsel so informed the court. This seems to be the situation in many of the cases coming before us.
As a consequence, the testimony at trial is principally directed toward establishing lack of disqualification with little if any testimony concerning conditions for eligibility under § 25-4-77. The three conditions usually necessary for qualification are: (1) filing a claim for each week’s benefits, (2) registering for work and thereafter continuing to report and (3) being able and available for work.
Our courts have determined that the burden of showing qualification under § 25 — 4-77, as well as lack of disqualification under § 25-4-78 is on the claimant. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948). The Department is well aware of this burden. It uses that knowledge to defeat the claim of a claimant at trial when represented by counsel not so knowledgeable. Technically, there is no fault to be found in the action of the Department. However, in using such strategy the Department, whose primary purpose is to administer the unemployment compensation fund for the benefit of those qualified, becomes more of an adversary than an administrator.
The first two requirements of § 25-4-77 for qualification are matters of record within the Department of Industrial Relations. The Department knows, or has available to it, knowledge of whether claimant has filed weekly claims and has registered for work at an unemployment office in accordance with regulations. The third requirement— that of being able and available for work— may require some testimony, though the registration at the unemployment office may be said to furnish considerable proof of that fact. In short, it appears that the Department has knowledge of whether the claimant meets the conditions of qualification from its own records. To contend, as the Department does, that the benefit claims office and the unemployment office are not in the same division of the Department is unreasonable, in our opinion.
We consider the purpose of the unemployment compensation law is to provide benefits to those eligible and not disqualified. We do not consider that purpose best served by the department’s reliance upon lack of knowledge and experience of counsel as to technical, though legal, requirements of proof to defeat a claim.
Therefore, as previously done by the court in similar cases, Davis v. McBroom, supra; Davis v. Null, 402 So.2d 1011 (Ala.Civ.App.1981), we reverse the judgment of the trial court and remand the case to that court so that claimant may present additional evidence, if any he has, as to his qualification for benefits according to § 25 — 4-77, Code 1975.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.

. See the case of Davis v. McBroom, 402 So.2d 1016 (Ala.Civ.App.1981) for discussion of the proper motion in non-jury cases.